Lipscomb, J.
The plaintiff in error in this case seeks to reverse a decree of tiie District Court of Red River county, annulling the will of Martin Guest, deceased, which had been proven and recorded in the Probate Court.
Several grounds have been assigned for error, but as the case has not been argued and some of the points involve principles never decided in this court under our statute restraining a testator from disinheriting a child and making the children forced heirs, we will only decide on two of the grounds taken by the plaintiff in error.
The iirst is a want of all the parties that should have been made before a decree conkl be made annulling the will. It appears from the record that the plaintiff in error was appointed by the will an executor and testamentary guardian of the infant sou of the testator, and he is not made a party in the suit as executor and had no notice of its pendency as guardian. It would seem-clear that both as an executor and testamentary guardian he should have been made a party in a suit to set aside the will or any part of it, unless he had relinquished those trusts; and if he had done so it ought to have been averred.
The second ground is that the decree goes beyond the prayer of the petition. It annuls the whole will, when only one provision in it was sought tobe annulled. There is in the will a provision or direction that all of the property after the payment of debts shall be kept together for seven years before a distribution is to be made. This is the part of the will supposed by the petitioner in the court below to be repugnant to the statute before referred to, and this alone was prayed to be annulled. The court in its decree having gone beyond that object and annulled the whole will, without any authority in law to do so, as we-believe, the decree is reversed and the cause remanded.
Judgment reversed.