## THE I. & G. N. R. R. CO. v. G. A. GORDON.

### No. 6198.

1. **Pleading—Damages, Actual and Exemplary.**—Under our system of pleading, when the facts are stated constituting in law the elements of actual damages only and upon which a recover for that alone could be had, the averment of the pleader that they are exemplary damages, and the prayer for recovery as such, do not change the legal effect of the facts stated by him as his cause of action.

2. **Same—Actual Damages.**—Where the facts show a cause of action for actual damages, and there is a prayer for such damages, a judgment for a larger amount than was specifically claimed in the petition for actual damages, but within the amount claimed as caused by the facts complained of, is not error.

3. **Affidavit of Juror—Misconduct.**—In civil cases the affidavits of jurors for the purpose of impeaching their verdict will not be received.

APPEAL from Robertson. Tried below before Hon. W. E. Collard.

On December 24, 1886, G. A. Gordon sued the International and Great Northern Railroad Company for the recovery of $6 actual damages and

$2000 exemplary damages, sustained, as alleged by him, by reason of the negligent and wrongful conduct of appellant's employes in charge of its passenger train, in refusing to stop and allow appellee to board said train at Englewood, a flag station on appellant's road.

On January 10, 1887, defendant filed demurrer, general denial, and answer, claiming specially that plaintiff was left through his own negligence; that he was a great distance from the track when the train was near the station, and on the opposite side of the track from where passengers flag trains and get on and off trains; that the fireman who saw him waive his handkerchief thought from his manner and conduct that he was waiving it in sport or at some one on the train; that he contributed to his own injury in not getting his own team to take him to Franklin; that he was not wilfully refused admittance as a passenger.

The petition alleges that plaintiff having important business in Waco in the Federal Court, then in session there, and having been summoned by telegram from his attorneys, in a cause then pending in said court wherein he was a defendant, involving the sum of $2583, to come to Waco on the evening of November 21st, 1886, and file a sworn plea in said court, and being advised by said attorneys that his failure so to do would probably result in a judgment being taken against him in said cause, he was anxious to board appellant's passenger train at Englewood so as to connect at Hearne, a station on appellant's road, on the same day with the passenger train of the H. & T. C. R. R. for Waco.

That for this purpose he went on the morning of the 21st of November, 1886, to Englewood to board appellant's passenger train. That while awaiting the arrival of said train it began to rain, and he took shelter in the house of one Smith, a distance of about 250 yards from the track. In a few minutes thereafter Smith told him the train was approaching. Appellee alleges that he immediately started toward the track, and after passing through the gate of Smith's yard he signaled said passenger train, then in sight and about 250 or 300 yards distant, to stop; that said train did not slacken its speed, and he signaled it again in the same manner, by waiving his handkerchief, but still its speed was not slackened nor did it stop. In the meantime, it is alleged, the train had reached a point opposite the plaintiff, who, it is alleged, was standing on the embankment on the south side of and near the track, and who then waived his hand at the fireman and called to him to stop the train. It is alleged that the latter turned his head and spoke to the engineer and then looked at plaintiff and shook his head. These averments were all testified to by appellee.

The court in the charge, after stating the pleadings, gave the law upon care and diligence required from the parties; and the law as to actual and exemplary damages, concluded:

"If you find that the defendant's employes were guilty of negligence,

and did not stop the train, and that it was their duty to do so, then it was the duty of plaintiff to use due care to protect himself from the injury resulting (if any) from the negligence of the employes of the defendant; and if plaintiff failed to exercise such care, or if he voluntarily and imprudently walked to Franklin in the rain and through the mud, the defendant company would not be liable for the injury so occasioned. But if plaintiff's business was urgent, and it was important for him to be at Waco, and if he exercised ordinary care and acted as a man of ordinary prudence and discretion would have acted under similar circumstances, and walked to Franklin from Englewood, and it rained on him and wet him, and he suffered other inconveniences and injury physical and mental, and was made sick from exposure and exertion; and if you find that such exposure and exertion were necessary under the circumstances, and that such injuries would not have resulted but from the negligence of defendant to stop the train (if you find such negligence), then the plaintiff would be entitled to recover actual damages, that is, such as you may say would be a reasonable compensation for the injuries sustained by plaintiff, to include such mental and physical suffering on the part of the plaintiff as the evidence shows has been caused by the negligence of the employes of the defendant (if any), and also the necessary expenses incurred by plaintiff (if any) in procuring other conveyance to Hearne, less the usual passenger fare to Hearne for one from Englewood to Hearne.

"6. If you find that plaintiff was guilty of negligence himself in walking from Englewood to Franklin in the rain and through the mud (if you find such facts), then he can not recover for the injuries so caused, and if you find for plaintiff you will not include compensation for such injuries. But if the employes of defendant were guilty of negligence, and negligently refused to stop the train for plaintiff, that plaintiff had given the proper signal to stop, that the employes whose duty it was to look out for such signals saw it and disregarded it, and that plaintiff was thereby annoyed and harrassed, you will allow him a reasonable compensation for the mental suffering so caused as actual damages; and if you also find that he was then compelled to incur additional expense in procuring other conveyance to Hearne, and that he acted with due consideration in so doing, he will be entitled to recover the expense so incurred in getting to Hearne, less the fare he would have had to pay on defendant's train from Englewood to Hearne. * * * * If you find for the plaintiff, you will not include in your finding any amount by way of punishment to defendant, but you will limit your findings to actual extra expense incurred, if any, and to compensation to plaintiff for the mental and physical suffering, if any, caused by defendant's negligence, if you find such negligence without fault on the part of the plaintiff."

The verdict was for plaintiff—$391. From the judgment thereon the defendant appealed.

*T. J. Simmons,* for appellant.—1.   The court erred in not dismissing this cause from the docket for want of jurisdiction to try the same, after it had limited plaintiff's recovery to nothing but actual damages, because the amount of actual damages claimed in the plaintiff's petition was only for the sum of $6.

Appellee in his petition sought to recover of appellant $6 actual and $2000 exemplary damages, and in his prayer specially prayed for judgment for those amounts.   The court in its charge limited recovery to actual damages alone.   Amount of actual damages claimed is below the jurisdiction of the court.

2.   The court erred in not setting aside the verdict of the jury and granting the defendant a new trial, because the verdict is not sustained by the pleadings; plaintiff in his petition having prayed for judgment against defendant for the sum of $6 actual damages and $2000 exemplary damages, and the court having limited his recovery to actual damages, a verdict and judgment for $391 is not supported by the petition.

The plaintiff has recovered as actual damages more than he sued for, and the verdict of the jury and the decree of the court must not go beyond the prayer.   Moore v. Guest, 8 Texas, 117.

Plaintiff in general will not be entitled to a different judgment from that which he has asked ; for the presumption is that the plaintiff best knows the nature of his case and the injury he has sustained, and has asked such relief as he will be entitled to upon the facts.   Hogan v. Kellum, 13 Texas, 397; also, Menard v. Sydnor, 29 Texas, 257; 2 vol. Willson's Texas Ct. App. C. C., 344; Parker v. Beavers, 19 Texas, 410; Hall v. Layton, 10 Texas, 55; Denison v. League, 16 Texas, 406; Mann v. Falcon, 25 Texas, 277; Oustott v. Oustott, 27 Texas, 643; Hunt v. Turner, 9 Texas, 385; Besch v. Besch, 27 Texas, 390.

This court, in Belo & Co. v. Wren, 63 Texas, 727, have held that the trial court should be asked to separate actual from vindictive damages.

Actual and exemplary damages ought to be pleaded separately.   Kauffman & Runge v. Wicks, 62 Texas, 236 ; Zeiliff v. Jennings, 61 Texas, 472; 2 vol. Willson's Texas Ct. App. Civil Cases, 482.

In this case appellee has denominated as actual damages what might properly be called special damages, and has called exemplary damages what might, under the facts alleged, if properly established, be both actual and exemplary damages ; but in his prayer he prays specially for recovery of $6 actual and $2000 exemplary damages.   Can he recover a judgment different from that prayed for and for a greater amount than alleged? We submit that he can not.

3.   The court erred in not setting aside the verdict of the jury and granting defendant a new trial, because the amount rendered by the jury in the case was reached by lot and not by a fair expression of opinion of the jury.

A verdict determined in any form or degree by chance or lot can not be sustained. The impropriety of the jury in arriving at a verdict in the manner in which they did consists in the agreement to be bound by the result. Dorr v. Fenno, 12 Pick., 528, citing Warner v. Robinson, 1 Root, 194; Harvey v. Rickett, 15 Johns. R., 87.

A jury can not agree before the amount is ascertained that they will abide by it, and if they do it is an error for which a new trial will be granted. Harvey v. Jones, 3 Humph., 160, citing with approval Ellige v. Todd, 1 Humph., 43; Bennett v. Baker, 1 Humph., 399; Wood v. State, 13 Ct. App., 138.

In this case the jury agreed to be bound by the result before they knew the amount, and in truth did abide by it. The case of Hendley v. Leigh, 8 Texas, 129, is not analogous to the case at bar, because the jury in that case did not agree to abide by the result before they knew what that would be.

4. The court erred in not granting defendant a new trial, because the verdict of the jury is erroneous, unauthorized, and excessive, no negligence having been established on the part of defendant.

The verdict is excessive. St. Louis K. C. & N. Ry. Co. v. Marshall, 18 Am. and En. R. R. Cases, 252. Plaintiff lived within 600 yards of the station, and could easily have procured his own team to take him to Franklin, and if he elected to walk and was thereby injured defendant can not be held responsible. Beyond the $3 paid for hire of buggy from Franklin to Hearne, plaintiff sustained no damages or loss, and proved none. He says that he was much vexed, etc., and that when he returned from Waco he had a cold, but does not know whether the walk from Englewood to Franklin gave it to him or not.

Where a railroad train wrongfully fails to stop to take on a passenger he is entitled to recover nominal damages and such actual damages as he may sustain by reason of the delay, but he has no right to inflict injury upon himself to enhance the damages. I. B. & W. Ry. Co. v. Birney, 71 Ill. R., 301; Morse v. Duncan, 8 Am. and En. R. R. Cases, 375; Field on Damages, 21, 120, 130, and 131; T. & St. L. R. R. v. Young, 60 Texas, 202; Cooley on Torts, p. 674; Beach on Contributory Negligence, 51.

Gordon was bound to use ordinary care to protect himself. T. & P. R. R. Co. v. J. S. Cole, Texas Law Review, October 6, 1886, p. 597.

Plaintiff must be careful to prevent injury from the defendant's negligence. Beach on Con. Neg., 19. And to use ordinary care and reasonable means to prevent an injury. W. & W. Con. R., 139, 417, 860. It is an established rule of company that freight trains are not allowed to carry passengers.

If party left by train walks to another station and becomes sick therefrom, damages for sickness too remote. Hutchinson on Carriers, 809.

*John E. Crawford,* for appellee.—The real and only question involved is this: Does the word "exemplary" in appellant's petition render the pleading obnoxious to the objections urged by appellant that the suit is for $6 actual damages and $2000 exemplary damages, and that because the trial court limited the jury to actual damages that appellee can not recover anything under his pleadings? A reference to the petition in the transcript shows that appellee clearly set out his cause of action and stated all the facts relied upon for a recovery. He claimed $6 damages for the actual outlay of money, and also $2000 damages for the injury to his feelings on account of being left at Englewood, caused by the negligence of appellant, and damages for the physical injury and sickness resulting from the necessary walk through rain and mud from Englewood to Franklin, in order to get conveyance to Hearne in time to make connection with the north bound train on the H. & T. C. R. R., in order to get to the city of Waco in time to meet important business engagements. Such a statement of facts, under the decisions of our Supreme Court, constitutes actual damages. This rule has been repeatedly laid down by our courts; a leading case cited is Hayes v. H. & G. N. R. R. Co., 46 Texas, 273. Hence the word "exemplary" could be stricken out of appellee's petition without injury to his pleadings. It is merely surplusage, and certainly can not vitiate the pleadings. To correctly describe an elephant and call it a horse does not make it a horse, and to correctly set forth a statement of facts constituting a cause of action that the courts have repeatedly held constitutes actual damages, and for the pleader to call it "exemplary" damages, does not make it such, and the trial court correctly held that the cause of action stated was one for actual damages only, and the word "exemplary" was correctly ignored as unnecessary and as surplusage. The rule as recommended by our Supreme Court is that the better pleading would be to "separate actual and exemplary damages where both are claimed," but failing to do so is not reversible error. Wallace v. Finberg, 46 Texas, 35; R. R. Co. v. Le Gierse, 51 Texas, 203; Zeiliff v. Jennings, 61 Texas, 458; 2 Willson's Ct. App. Civil Cases, sec. 482.

In Kauffman & Runge v. Wicks, 62 Texas, 236, the reasoning of Judge Watts shows that this case is not open to the same objections, because here only actual damages were found by the jury, and all that could be found under the charge of the court.

A juror should not be heard to impeach his own verdict, and the affidavit of Smith was inadmissible for that purpose, and was properly ignored by the trial judge.

The appellee respectfully submits that the case of Handley v. Leigh, 8 Texas, 129, is decisive of this question. See also Ward v. Blackwood, administrator, decided by the Supreme Court of Arkansas, Southwestern

Reporter, vol. 3, no. 7, p. 624 (April 25, 1887). Also Pleasants v. Heard, 15 Ark., 407. The last case is exactly in point.

HOBBY, JUDGE.—Plaintiff's petition contained all the allegations of injuries physical and mental necessary to support a verdict for actual damages resulting from the wrongful and negligent conduct of appellant's employes in refusing to stop its passenger train at Englewood, a station on appellant's road, which train appellee desired to board.

The facts constituting the cause of action were set forth with particularity, and the prayer was for judgment for $6 actual and $2000 exemplary damages and for general relief.

The court's charge was an admirable exposition of the law applicable to the case made by the proof.

This instruction was given the jury: "If you find for plaintiff you will not include in your findings any amount by way of punishment to defendant, but will limit your findings to actual extra expense incurred, if any, and to compensation to plaintiff for the mental and physical suffering, if any, caused by defendant's negligence, if you find such negligence without fault on the part of the plaintiff."

The jury rendered a verdict for the sum of $391 actual damage.

Appellant assigns as error, that "the court erred in not dismissing this cause from the docket for want of jurisdiction to try the same after it had limited plaintiff's recovery to nothing but actual damages, because the amount of actual damages claimed in the plaintiff's petition was only for the sum of six dollars."

This involves the question, under our system of pleading, when the facts are stated constituting in law the elements of actual damages only and upon which a recovery for that alone can be had, does the averment of the pleader that they are exemplary damages and his prayer for a recovery as such, change the legal effect of his statement of the case?

As we have said, all the facts which would afford a basis for the recovery of actual damage were plainly set forth, and the allegation was made that they were actual damages and exemplary damages, and the prayer was for six dollars actual damages and two thousand dollars exemplary damages. The verdict was for $391 actual damage.

We are of opinion that if facts are stated to which the law attaches a well defined meaning, the mere application of an erroneous term to such statement of facts would not affect its legal import.

It is not the name the pleader gives the facts stated which makes them actual or exemplary damages, but it is the effect in law of the facts pleaded which makes them the one or the other.

We do not think the court erred in not dismissing the case upon the ground assigned.

The second error assigned is that the court erred in not setting aside

the verdict of the jury and granting the defendant a new trial, because the verdict is not sustained by the pleadings, plaintiff in his petition having prayed for judgment against defendant for the sum of $6 actual damages and $2000 exemplary damages; and the court having limited his recovery to actual damages a verdict and judgment for $391 is not supported by the petition.

We think a discussion of this assignment is unnecessary, because the reasons given in the disposition made of the first error assigned, if correct, are applicable with equal force to the second.

The cases cited by appellant we do not think are in point. The case of Moore v. Guest, 8 Texas, 117, was where the judgment annulled an entire will, and the prayer sought to annul only one provision of it. Hogan v. Kellum, 13 Texas, 399, was a case where it was held that if the property or its value is sued for a recovery could not be had for both the property and its value.

Parker v. Beavers, 19 Texas, 410, decides simply that where relief is asked upon the ground of a parol trust, accompanying the execution of a deed, a recovery can not be had on the ground of mistake.

The case of Menard v. Sydnor, 29 Texas, 259, holds that a general judgment can not be rendered against a married woman unsupported by allegations of fact, such as would make the debt sued for a charge on her separate estate. Denison v. League, 16 Texas, 406, decides that under a prayer for specific and general relief damages can not be allowed inconsistent with the facts stated in the petition.

In the case we are considering there was a prayer for actual damages and exemplary damages, and the recovery was not only consistent with the facts stated, but no other recovery could have been had consistently with the facts. We have no doubt of the correctness of the rule announced in Belo & Co. v. Wren, 63 Texas, 727; Kauffman & Runge v. Wicks, 62 Texas, 236, and Zeiliff v. Jennings, 61 Texas, 472, to the effect that actual and exemplary damages should be separately presented and submitted. But in the case under discussion actual damage only was proven, and that character of damage submitted to the jury in the charge, and it was only upon this character of damage that a recovery was had.

It is complained that the court erred in not setting aside the verdict of the jury and granting defendant a new trial, because the amount rendered by the jury in the case was reached by lot, and not by a fair expression of opinion of the jury.

It appears from an affidavit contained in the record, made by N. G. Smith, one of the jurors trying the case, that "the jury, upon their retirement, after deliberating upon the case, agreed that plaintiff was entitled to recover a judgment, but were not able to decide upon the amount. Some of the jurors made the proposition that each one of the jury should put down on a piece of paper the amount which he thought

plaintiff was entitled to recover, which several sums were to be added together and divided by 12, and the quotient was to be the verdict in the case. They also agreed before the amounts were set down and the result known to abide by the result, and that after the various sums set down by each juror were added together and divided by 12 the quotient was found to be $391, and the verdict was thereupon written up for that amount, and returned into court as the verdict of the jury in the case."

It has been decided in several cases in this State that the affidavits of jurors should not be received to impeach their verdict. Little v. Birdwell, 21 Texas, 612, and cases there cited; Handley v. Leigh, 8 Texas, 129. In a case involving this question (Pleasants v. Heard, 15 Ark., 411) it was said "that the affidavits of jurors could not be received to impeach their verdict for mistake, or even in respect to the merits, nor to prove irregularities or misconduct either on his own part or that of his fellows."

The reason is too obvious to require discussion or explanation. There was no error in the action of the court in this respect.

The remaining assignments of error relate to the sufficiency of the evidence to support the judgment, and complain that the verdict is excessive and therefore should be set aside.

The only issue of fact in the case about which there appears to have been a conflict in the evidence was with reference to the manner in and locality at which appellee "flagged" the train, and whether appellee's signals to the employes of the train were seen, or could by the use of proper care on their part have been seen by them. There was the evidence of the appellee and of Smith in the case, from which the jury it appears believed these facts. If appellee suffered injury thereby, he was entitled to a recovery. Hull v. E. L. & R. Ry. Co., 66 Texas, 620.

The evidence of appellant's employes upon this question, if believed by the jury, would have supported a verdict for appellant. This issue was fairly submitted to the jury under instructions of which the appellant does not complain. To set aside the judgment on the ground of the insufficiency of the evidence, under these circumstances, would be in violation of a universally established rule where jury trials prevail.

We can assign no reason for saying that the verdict in this case is excessive, and we are of opinion that the judgment should be affirmed.

*Affirmed.*

Adopted October 30, 1888.

[Judge Collard did not sit in this case.]