## M. V. COOK ET AL. v. M. F. COOK ET AL.

### No. 257.

**1. Jury Trial — Right not Waived, when.**—It was error for the court, on appearance day, and after defendants' application for a continuance had been overruled, to refuse their demand for a jury, on the ground that they had waived their right thereto by such application for continuance, and by failing to demand a jury at the call of the appearance docket for orders a few hours earlier; it not appearing that any jury was in attendance at such call of the docket, and had been discharged because of failure to then demand a jury.

**2. Registration—Certificate of Proof by Subscribing Witnesses.** The law in force in 1871 did not require the certificate of the officer before whom an instrument was proven for record to state that the subscribing witnesses were known to him.

APPEAL from Archer. Tried below before Hon. GEO. E. MILLER.

*Rector, Thomson & Rector* and *Grigsby E. Thomas, Jr.*, for appellants M. V. Cook et al.—It was error to refuse defendants a jury, and hold they had waived their right thereto. Rev. Stats., art. 3061; Gallagher v. Goldfrank, Frank & Co., 63 Texas, 474; Dean v. Sweeney, 51 Texas, 242; Brown v. Chenoworth, 51 Texas, 475; Allen v. Plummer, 71 Texas, 548; Const., art. 1, sec. 15; Noel v. Denman, 76 Texas, 308.

*F. E. Dycus*, for appellants Harrold and East.—It was not necessary that the certificate of the officer who took the proof of the execution of a deed in the year 1871 should show that the subscribing witness who proved its execution was personally known to him. Sowers v. Peterson, 59 Texas, 216; Waters v. Spofford, 58 Texas, 115; Act May 12, 1846; 2 Sayles' Early Laws, art. 1716.

*B. B. Whitton, L. C. Barrett*, and *Walton, Hill & Walton*, for appellees.—Appellants waived their right to call for a jury, having failed to do so when the appearance docket was called, and until the jury for the week had been discharged, and after an application for continuance had been made and overruled. Rev. Stats., arts. 3060, 3061, 3605; Le Croix v. Evans, 1 W. & W. C. C., sec. 746; Hunt v. Makemson, 56 Texas, 12.

STEPHENS, Associate Justice.—Appellants M. V. Cook, L. A. Wilson, and M. A. and W. F. Nobles, residents of the State of Georgia, were cited by publication to answer the suit of appellees, brought against them and the other appellants, Harrold and East, residents of Archer County, Texas. On appearance day the nonresident appellants, through their attorneys, having previously filed an answer, applied for a continuance, which was refused. They then demanded a jury, which was also refused. These are the principal grounds relied on for a reversal of the judgment.

Without determining whether there was abuse of discretion in refusing a continuance, we are of opinion that the right to a trial by jury had not been waived, and hence should not have been denied. It seems that the appearance docket was first called for orders, and as no jury demands were made, the court proceeded with the trial docket. When this case was reached, which was in the forenoon of appearance day, and the application for continuance overruled, appellants demanded a jury. The case was then passed, at their request, till 1:30 p. m., when appellants renewed their demand for a jury, and offered to pay the jury fee; but the court declined to accede to this demand, and proceeded with the trial without a jury, on the ground, as stated in the bill of exceptions, that they had lost their privilege of demanding a jury by failing to call for one when the appearance docket was called for orders, and that the demand came too late after a motion for a continuance had been overruled. In an amended jugdment entry it was recited, that the demand was refused " because there was no jury in attendance upon the court, and none had been drawn for any other week of the term, and defendants refused to accept a jury summoned by the sheriff and not drawn by the jury commissioners."

It does not appear, and is not claimed, that any jury was in attendance when the appearance docket was called for orders, and was discharged in consequence of a failure to demand a jury at that time. The record rather favors the inference that the jury had been discharged prior to that day. We fail to see, therefore, how appellees could have been prejudiced, or the business of the court retarded, by the failure to make the demand at an earlier hour on that day. Allen v. Plummer, 71 Texas, 546. They were not required to demand a jury before appearance day, nor at any particular hour on that day. Rev. Stats., art. 3061.

The application for a continuance seems to have been made in good faith, and there was nothing unreasonable in the conclusion, apparently entertained by counsel for appellants, that it would be granted. It showed the usual though not the statutory diligence in such cases. We think appellants had not, by the time and manner of making the demand, under the circumstances, lost the constitutional and statutory right of a

trial by a regular jury. This conclusion leads to a reversal of the judgment, and dispenses with the necessity of passing on any other errors assigned by these appellants.

One error assigned by the other appellants seems to merit consideration. The exclusion from the evidence of a certain recorded deed and power of attorney, which had been, in October or November, 1871, proved up by subscribing witnesses for registration, on the objection that the certificate of the officer before whom they had been proven failed to show that the witnesses were known to him, was erroneous. The statute then in force did not require the certificate to state this fact. Pasch. Dig., arts. 5007, 5008, 5010; Sowers v. Peterson, 59 Texas, 216; Watkins v. Hall, 57 Texas, 4; Driscoll v. Morris, 2 Texas Civil App., 608. The other issues raised need not be passed on.

The judgment will be reversed and the cause remanded for a second trial.

*Reversed and remanded.*

Delivered November 8, 1893.