CHARLES MAGERSTADT ET UX. v. W. W. LAMBERT ET AL.

Decided May 17, 1905.

**1.—Trespass to Try Title—Title by Limitation.**

Where plaintiff and those under whom he claimed had been in continuous, adverse and peaceable possession of the land in suit for more than ten years, claiming, using and enjoying the same, he was entitled to recover it from one who had wrongfully dispossessed him.

**2.—Same—Possession—Naked Trespasser.**

Plaintiff's actual possession, aside from his title by limitation, warranted a recovery against defendants who were naked trespassers.

**3.—Married Woman—Liability for Torts.**

The wife is jointly liable with the husband for torts committed by her, such as the destruction of trees and fences on the land of another, and her separate property may be subjected to a judgment rendered against her for her torts.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*Frank J. Wise,* for appellants.

*M. E. Buckley* and *Joseph Ryan,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try

title brought by W. W. Lambert on November 20, 1903, against Charles Magerstadt and his wife, Wilhelmina, to recover possession and title to the strip of land described in plaintiffs' petition as follows: "Situate in the city of San Antonio, Bexar County, Texas, in that certain block bounded by Santa Clara, North and Centre and Newton Streets; and, beginning at a point 140 feet west from the northeast corner of plaintiff's (Lambert's) land and from the western side of Santa Clara Street, said beginning point being the northwest corner of plaintiff's (Lambert's) land; thence southward along line recently occupied by old fence, 38 feet to an old fence, the southeast corner of property of ———, and the extreme west, southwest corner of plaintiff's (Lambert's) land; thence east 10.2 feet to a new fence, this last mentioned line extends 9.2 feet along and one foot beyond the northeast corner of an old fence; thence northward along said new fence, 38 feet to north line of plaintiff's (Lambert's) land; thence west along said line 9.5 feet to beginning;" and for damages for destroying the fence, and a large shade tree on said land and for the rental value of same.

Roland Goering, the vendor of Lambert, was made a party defendant on the warranty contained in his deed. On the trial the court instructed the jury to find in favor of Lambert against defendants Magerstadts, for the possession of the land sued for and in favor of Goering against Lambert, and submitted the issue of damages to the jury, who returned a verdict in favor of Lambert against the Magerstadts for the sum of $40 for destroying the shade tree on the land and $10 damages to the fence. The appeal is from the judgment in favor of plaintiffs for the land and the damages assessed by the jury.

*Conclusions of Fact.* The undisputed evidence shows that the plaintiff, Lambert, and those under whom he claims and deraigns title for the strip of land in controversy, had peaceable, actual and adverse possession thereof, claiming using and enjoying the same continuously and uninterruptedly from August, 1883, until in November, 1903, when the defendants, Magerstadt, who had no title whatever, unlawfully entered upon said premises, removed plaintiffs' fence therefrom and destroyed a large shade tree thereon.

The evidence is reasonably sufficient to show that the tree destroyed was on the land sued for, which was so claimed and in such continuous adverse possession of plaintiff and those under whom he claims, and was reasonably worth on the premises to plaintiff $40, and that the reasonable costs to plaintiffs of replacing the fence removed would be $10.

*Conclusions of Law.* 1. Where, as in this case, the undisputed evidence shows beyond the peradventure of a doubt that the plaintiff and those under whom he claims and deraigns title, were in continuous adverse and peaceable possession of the premises for more than ten years, claiming, using and enjoying the same; and, when in actual possession, the plaintiff was wrongfully dispossessed by the defendant, it is the duty of the court to peremptorily instruct the jury to return a verdict in favor of the plaintiff for the land in controversy. (Denham v. Lumber Co., 73 Texas, 84; Gilmour v. Heinze, 85 Texas, 79; Texas Loan Agency v. Fleming, 92 Texas, 463; Central Texas, etc., Ry. v.

Bush, 12 Texas Civ. App., 291, 34 S. W. Rep., 134; Hunnicutt v. State, 75 Texas, 242; Grinnan v. Dean, 62 Texas, 220.)

2.   Aside from plaintiff's title by limitation, his actual possession of the land was sufficient to require the court to peremptorily instruct the jury to return a verdict in his favor for the land against defendants who were naked trespassers and showed no right to disturb him in his possession.   (Watkins v. Smith, 91 Texas, 592; House v. Reavis, 89 Texas, 633; Foster v. Johnson, 89 Texas, 640; Parke v. Ft. Worth, etc., Ry., 71 Texas, 133; Duren v. Strong, 53 Texas, 379; Pacific Express Co. v. Dunn, 81 Texas, 86; Swan v. Busby, 5 Texas Civ. App., 63, 24 S. W. Rep., 304; Gray v. Thompson, 5 Texas Civ. App., 32, 23 S. W. Rep., 927.)

3.   The wife is jointly liable with her husband for torts committed by her, and her separate property may be subjected to a judgment rendered against her for her torts.   (Crawford v. Doggett, 82 Texas, 140, 17 S. W. Rep., 929; McQueen v. Fuljam, 27 Texas, 467; Zeliff v. Jennings, 61 Texas, 458; Taylor v. Stephens, 17 Texas Civ. App., 36, 42 S. W. Rep., 1048.)

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.