## BLACK v. NABARRETTE. (No. 9501.)*

(Court of Civil Appeals of Texas. Dallas.
Jan. 30, 1926. Rehearing Denied
March 13, 1926.)

1. Damages ⬤⟿188(2).

In action for causing fire resulting in loss of used household effects, evidence of value held sufficient to sustain finding of jury.

2. Evidence ⬤⟿113(1)—Value of used household effects, destroyed by fire, must be determined from owner's sworn estimate of its fair and reasonable value to him in light of original cost, manner of use, etc.

In action for value of used household effects, destroyed by fire, value cannot be ascertained by market value of various items, but must be determined from owner's sworn estimate of fair and reasonable value to him as weighed by jury in light of original cost, manner of use, and general condition and quality at time of destruction.

3. Damages ⬤⟿159(5)—Pleading ⬤⟿406(9)— That some of items forming basis of recovery, in action for loss by fire, were not included in itemized statement in petition, held not error, where no objection was made to evidence thereon, and petition stated that fuller itemization could not be made.

In action for loss of household effects from fire, that some articles for which recovery was allowed were not included in itemized list in petition held not reversible error, where they were of inconsequential value, and no objection was made to evidence thereof, and petition stated that fuller itemization could not be made.

On Motion for Rehearing.

4. Appeal and error ⬤⟿833(3)—Motion for rehearing would be considered, though not filed within statutory 15 days, in view of showing of diligence of parties.

Motion for rehearing would be considered, though not filed within statutory 15 days from filing of opinion, where appellant was obliged to procure new attorneys, and parties were diligent in attempting to present petition.

5. Damages ⬤⟿146—In action for loss of used household effects from fire, allegation that value of articles was their market value held not to affect right to have court apply correct measure of damages; "value," "market value."

In action for loss of used household effects from fire, that petition, after describing the furniture and alleging its destruction, stated that "value" of articles was their "market value," held not to affect right to have court apply correct measure of damages; "value" and "market value" often being used interchange-

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 5, 1926.

ably as equivalent of actual value or salable value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Market Value; Value.]

Error from District Court, Dallas County; Kenneth Force, Judge.

Action by J. Nabarrette against H. Black. Judgment for plaintiff, and defendant brings error. Affirmed.

Baskett & De Lee and Clark & Clark, all of Dallas, for plaintiff in error.

J. C. Patton, G. W. Lindsey, and Lee R. Stroud, all of Dallas, for defendant in error.

JONES, C. J. H. Black, plaintiff in error, has appealed from an adverse judgment in the sum of $883.40 rendered against him on a trial before a jury in the district court of Dallas county in favor of J. Nabarrette, defendant in error. The facts are as follows:

Plaintiff in error was the owner of two tenant houses in the city of Dallas at 2405 and 2403 Alamo street, in which several parties resided. These tenants owned such household and kitchen furniture and like property that they used in keeping house. On or about the 1st day of May, 1923, the house at 2405 Alamo street caught fire and the flames rapidly spread to the house at 2403 Alamo street, with the result that all the effects in said houses owned by the various parties were either entirely consumed by fire or so damaged as to render them a total loss. Defendant in error lived with his family in the house located at 2403 Alamo street, and, before the filing of this suit, the other parties who suffered loss from the fire assigned their claims for damages to defendant in error, who, for his own loss and as assignee of the said claims of the other tenants, filed this suit in said district court against plaintiff in error on allegations charging that he "did wrongfully, unlawfully, and maliciously set fire to house No. 2405 Alamo street in the city of Dallas." Plaintiff in error placed his personal damage in the sum of $571, itemizing the various articles claimed to have been destroyed. Juan Gusman's damages were placed at $431.80, with the various articles itemized; Rodolpho Ganzales' damages were placed at $525, with the various articles itemized; Josie De Lion's damages were placed at $87, being carpenter's tools; and Francisco Echeberia's damages were placed at $80 for loss on a small portable house owned by him and destroyed by said fire.

The case was submitted to the jury on special issues and, in response to said issues, the jury returned a verdict sustaining the allegations of defendant in error, to the effect that H. Black unlawfully originated the fire that resulted in the destruction of the property above named, and placed the damages as follows: For the property owned by J. Nabar-

rette, plaintiff in error, at the time of the fire, $250; for the property owned by Juan Gusman, $262.40; for the property owned by Rodolpho Ganzales, $300; for the portable house owned by Francisco Echeberia, $50; for the carpenter's tools owned by Josie De Lion, $21.50, making a total of $883.90. On this, judgment was entered in the sum of $883.40.

Plaintiff in error has assigned error on the findings of the jury in reference to the amount of each loss above given, except that of Francisco Echeberia, on the ground that each of said findings is not supported by the evidence. There is no assignment of error in reference to the amount awarded on the loss of Echeberia for the portable house, nor is there any assignment of error as to the finding of the jury that the loss resulted from the unlawful act of plaintiff in error.

[1] We are unable to agree to plaintiff in error's contention made in his said assignments of error, but believe that the verdict in each instance is supported by the evidence. Each of the parties, except De Lion, testified to the property owned by him that was consumed by the fire, and each testified that in the aggregate his property was of the value of the amount claimed in the petition. Either on direct or cross examination, the various items of loss in each instance were described as to their condition at the time of the fire, the approximate length of time they had been used and the use to which they had been put, and, in most instances, the said items were separately valued and their cost to the owner given. A witness testified to the value of the box of carpenter's tools.

[2] It is true the jury in no instance found the loss to be equal to the amount placed by the witness testifying to this loss, but the jury was given a basis by the testimony given on which to determine the value of such property at the time of the fire. This value cannot be ascertained by an inquiry into the market value of the various items, but must be determined from the owner's sworn estimate of its fair and reasonable value to him, this estimate to be weighed by the jury in the light of testimony as to the original cost of the articles, the manner in which they had been used, their general condition and quality at the time of their destruction. Wells Fargo Express Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; I. & G. N. Ry. Co. v. Martin Nicholson, 61 Tex. 550; G., H. & S. A. Ry. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Pecos & N. T. Railway Co. et al. v. Grundy et al. (Tex. Civ. App.) 171 S. W. 318.

All of the facts that enter into and were made essential elements to determine the value of goods of this character lost by fire are given in evidence, and the jury was authorized to determine from this evidence the value of the property destroyed.

[3] Complaint is also made that in some

instances some articles were testified to as lost that were not included in the itemized statement in the petition. We have carefully checked these items over and find that in each instance they were almost of inconsequential value. After the various articles had been itemized in the petition it contained this allegation that "plaintiff shows that he cannot more fully itemize and better describe said property." There was no objection made to the evidence of the articles not specifically itemized. In view of this fact, and in view of the above allegation, and of the further fact that the jury reduced the amount of the damages as testified to by the witnesses nearly 50 per cent. we do not think this constitutes reversible error.

It is the opinion of the court that this cause should be affirmed.

Affirmed.

### On Motion for Rehearing.

[4] The original opinion affirming this case was filed on February 1, 1926. On March 2, 1926, appellant, through written motion, supported by affidavit, asked permission to file this motion for rehearing. The excuse offered for not filing the motion within the statutory 15 days after the filing of the opinion in this case is that the attorneys who represented appellant, both in the trial court and on this appeal, advised him that they had concluded from the opinion in this case that there was no reversible error and that it would be useless for him to apply to this court for a rehearing, but advised him to consult Messrs. Clark & Clark, the attorneys who have presented for him this motion for a rehearing; that he immediately consulted said attorneys, and that the motion for a rehearing was presented as soon as they could familiarize themselves with the record and the opinion rendered; that, although his former attorneys were diligent in securing a copy of the opinion and investigating same, that appellant was diligent in consulting said last-named attorneys, and they were diligent in making the necessary investigation, they were unable to make the necessary investigation and reach the conclusion that good grounds existed for presenting a motion for rehearing within the said 15 days. These facts are supported by the affidavit of appellant and by the affidavit of one of his former attorneys.

This court has permitted the motion to be filed and same has been considered by this court, with the result that we are of the opinion that said motion should be overruled.

[5] The ground for reversal of the case suggested by the motion is that in appellee's petition the measure of damages for the destruction by fire of the household and kitchen furniture and other items mentioned in said petition is alleged to be their reasonable market value, whereas the true measure of damages is the actual worth or value of said secondhand articles to their owner at the time they were destroyed by fire. This contention is not supported by any assignment of error, nor was any special exception urged in the trial court against appellee's petition because same did not state a correct measure of damages, nor was any objection offered to the evidence giving the reasonable value of said articles of furniture instead of their market value at the time said evidence was offered and received. It would be of no avail to appellant, however, if error thereon had been duly assigned. The petition describes the household and kitchen furniture and alleges that same was destroyed by fire. These allegations of fact fixed the legal measure of damages and appellee was not required to allege any measure of damages. When appellee alleged that he was the owner and possessor of the described articles of household and kitchen furniture, and that same was destroyed by fire through the wrongful and unlawful act of appellant, this laid the basis for the recovery of the damages that resulted to appellee by reason of appellant's said wrongful act, and the fact that he alleged the value of said articles to be their "market value" did not affect appellee's right to have the court apply the correct measure of damages. I. & G. N. R. Co. v. Gordon, 11 S. W. 1033, 72 Tex. 44; Harmon v. Callahan (Tex. Civ. App.) 35 S. W. 705; Ara v. Rutland (Tex. Civ. App.) 172 S. W. 993; St. Louis S. W. Ry. Co. of Tex. v. Jenkins (Tex. Civ. App.) 89 S. W. 1106.

The words "value" and "market value" are often used interchangeably, and both as being the equivalent of "actual value" and "salable value." Hetland v. Bilstad, 118 N. W. 422, 140 Iowa, 411. That appellee used the term "market value" in the sense of actual value is shown from the fact that in his petition, in alleging the amount of damages for destruction of the household goods that had belonged to Juan Gusman, and those that had belonged to Ganzales, he used the term "market value" in reference to each, but, in describing the items that had belonged to himself, he used only the term "value."

Appellant seeks to apply the doctrine to this case that is applied to cases in which a plaintiff sues on an express contract and is not permitted either to offer proof of, or recover on, an implied contract, but is held to his allegation of an express contract. The distinction between cases of that class and the one at bar is very apparent. The petitions in such cases place plaintiff's rights on the existence of an express contract, and place no right on the existence of an implied contract. In the case at bar, appellee's right of recovery is placed on the destruction of secondhand household and kitchen furniture. For the determination of the amount of damages suffered by reason of such loss, the law applies the legal measure.

Appellant's motion for rehearing is overruled.