## CAMPBELL v. JOHNSON. (No. 9577.)

(Court of Civil Appeals of Texas. Dallas. March 27, 1926. Rehearing Denied May 1, 1926.)

**1. Husband and wife ⟾214, 268(9)—Husband's common-law liability for wife's torts may be enforced by suit against husband without joining wife, and common estate may be subjected to payment of any judgment obtained against husband (Rev. St. 1925, art. 4613).**

Husband's common-law liability for wife's torts, which has remained undisturbed by statute (except that under Rev. St. 1925, art. 4613, his separate property is not liable therefor) may be enforced by suit against him without joining wife, and their common estate may be subjected to payment of any judgment obtained against husband.

**2. Trial ⟾273.**

Under Rev. St. 1925, art. 2185, alleged error in court's charge was waived by failure to

present objection to trial court before charge was read to jury.

**3. Damages ⬤⟿146—Plaintiff alleging cause of action entitling him to recover for injuries to automobile is not required to allege measure of damages.**

Where plaintiff's petition alleged a cause of action entitling him to recover for injuries to his automobile resulting from collision, he was not required to allege measure of damages, as court was required to apply correct measure.

**4. Appeal and error ⬤⟿1062(5)—Submission of special issue as to reasonable value of necessary repairs to injured automobile, though unnecessary, held not to have harmed defendant.**

In action for damage to automobile from collision, submission of special issue as to reasonable value of necessary repairs, though unnecessary and calling for finding of evidentiary facts, *held* not to have harmed defendant.

**5. Damages ⬤⟿113.**

The measure of damages for injury to personal property is difference in market or actual value immediately before and immediately after injury.

**6. Damages ⬤⟿174(1).**

Proof of reasonable value of necessary repairs to injured personal property is admissible as bearing on question of depreciation caused by injuries.

**7. Damages ⬤⟿221—Court held to have properly ignored jury's volunteered general verdict for plaintiff, and to have rendered judgment on special findings inconsistent with it (Rev. St. 1925, art. 2202).**

Where jury in answer to special issues found difference in market value of injured automobile immediately before and after collision to be $1,873.05 and reasonable value of repairs to be $1,873, and voluntarily brought in a general verdict for plaintiff for $600, *held*, in view of Rev. St. 1925, art. 2202, court properly ignored such voluntary finding and rendered judgment on special verdict.

**8. Appeal and error ⬤⟿1062(2)—Refusal to submit defendant's requested issues on contributory negligence held not error, in view of jury's answer to issue submitted that plaintiff was guilty of contributory negligence, but that such was not proximate cause of collision.**

In action for damages to automobile from collision, court *held* not to have erred in refusing to submit defendant's requested issues on contributory negligence, in view of issues on contributory negligence submitted in court's main charge and in answers to which jury found plaintiff guilty of contributory negligence, with further finding that such negligence was not proximate cause of collision.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by J. J. Johnson against E. V. Campbell. Judgment for plaintiff, and defendant appeals. Affirmed.

Chamberlain & Green, of Dallas, for appellant.

Wm. M. Cramer, of Dallas, for appellee.

LOONEY, J.   J. J. Johnson sued E. V. Campbell for damages for injuries to his automobile, caused by collision with a car belonging to appellant. The collision occurred at the intersection of Abbott street and Mockingbird lane in the city of Dallas, and, at the time, appellant's car was driven by his wife. Appellee was driving his own car. Appellee alleged, in substance, that the collision occurred on account of the negligence of the wife of appellant. Appellant's defense was the general issue and contributory negligence on the part of appellee.

The jury found in response to special issues that the wife of appellant was guilty of negligence proximately causing the injury, and that the difference in the cash market value of the automobile immediately before and immediately after the injury was $1,873.05; also, that the reasonable cash value of the cost of the material and labor necessary to replace the damaged parts was $1,873.05. The jury also found that appellee on the occasion was guilty of contributory negligence, but that such negligence was not the proximate cause of the collision.

On these findings the court rendered judgment in favor of appellee for the sum of $1,873.05, from which this appeal is prosecuted. The findings of the jury in response to special issues as above stated were, in our opinion, authorized by the evidence and are adopted as our conclusions of fact.

[1] 1. Appellant urges as fundamental error the insufficiency of the petition to support a judgment against him, in that the cause of action was based on the alleged negligence of his wife, and it not appearing that he was present or coerced her, or that he was in any way a joint tort-feasor; his contention being that, under such circumstances, he was not liable for her negligence or torts, that she alone was responsible, and was a necessary party to the suit. At common law, the husband was liable for torts committed by the wife whether committed at his command or not, or whether committed in or out of his presence. McQueen v. Fulgham, 27 Tex. 467, 468; Zeliff v. Jennings, 61 Tex. 470; Magerstadt v. Lambert, 39 Tex. Civ. App. 472, 87 S. W. 1068; Patterson v. Frazier (Tex. Civ. App.) 93 S. W. 146, 151; Whitney v. McMahan, 111 Tex. 242, 231 S. W. 694.

In Zeliff v. Jennings, supra, Judge Stayton said:

"The common law, except in so far as it is modified by the Constitution or statutes of this state, regulates the relationship of husband and wife, and his liability for her torts. Many changes from the common law have been made by statute in reference to property rights of

married women; but we know of no statute which in any respect changes or alters the liability of the husband for the torts of the wife from that imposed by the common law. Under that law they are deemed. one person; and the husband is liable to the same measure of pecuniary responsibility for the torts of the wife as though the act were his own."

On the same question Judge Greenwood, in Whitney v. McMahan, supra, used the following language:

"Our statutes dealing with the rights of husband and wife have been uniformly construed as leaving the wife, as well as the husband, liable for the torts of the wife."

Under the provisions of article 4613 (4621) (2967) (2851), Rev. St. 1925, the separate property of the husband cannot be subjected to the payment of damages occasioned by the torts of the wife. Notwithstanding the provision, his common-law liability for her torts remains undisturbed by any statute. It follows therefore that this liability may be enforced by a suit against him without the necessity of joining the wife, and their common estate may be subjected to the payment of any judgment obtained against him. The plaintiff could have sued Mrs. Campbell jointly with her husband, and could have collected any judgment obtained, either from the common estate or from her separate property.

[2] 2. In assignments Nos. 1, 2, 4, 5, and 12, appellant complains of the charge of the court. The record fails to disclose objections to the charge of the court in the respects pointed out in these assignments The statute, article 2185 (1971, 1972) Rev. St. 1925, reads in part as follows:

"The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

This statute has been construed in numerous cases to mean just what it says—that an error in the charge is waived where no objection is presented to the trial court before it is read to the jury.

[3] 3. Appellant, by appropriate assignment and propositions, contends that the court erred in submitting special issue No. 6 wherein the jury was instructed to find the difference, if any, between the cash market value of the automobile immediately before and immediately after the collision, on the ground that there was no allegation as to the market value of the automobile before and after the collision.

The petition having alleged a cause of action entitling appellee to recover for the injuries to his automobile, he was not required to allege the measure of damages, for the reason that the court, under the facts, was required to apply the correct measure. This doctrine was recently announced by this court in the case of H. Black v. J. Nabarrette, 281 S. W. 1087, as shown by the following quotation:

"The petition describes the household and kitchen furniture and alleges that same was destroyed by fire. These allegations of fact fixed the legal measure of damages and appellee was not required to allege any measure of damages. When appellee alleged that he was the owner and possessor of the described articles of household and kitchen furniture and that same were destroyed by fire through the wrongful and unlawful act of appellant, this laid the basis for the recovery of the damages that resulted to appellee by reason of appellant's said wrongful act and the fact that he alleged the value of said articles to be their 'market value' did not affect appellee's right to have the court apply the correct measure of damages." Citing I. & G. N. R. R. Co. v. Gordon, 72 Tex. 44, 11 S. W. 1033; Harmon v. Callahan (Tex. Civ. App.) 35 S. W. 705; Ara v. Rutland (Tex. Civ. App.) 172 S. W. 993; St. L. & S. W. Ry. Co. of Tex. v. Jenkins (Tex. Civ. App.) 89 S. W. 1106.

This assignment is overruled.

[4-6] 4. Appellant complains of the submission of special issue No. 7 wherein the court required the jury to find the reasonable value of the labor and material necessary to replace the damaged parts of the injured automobile. This issue was, in our opinion, unnecessary, and called for the finding of evidentiary facts, but no harm could have resulted to appellant from its submission.

Some authorities announce the rule that the reasonable value of necessary repairs caused by an injury to personal property should measure the damage. We do not adopt this view. The application of such rule will, in our opinion, often prove confusing and unsatisfactory, for the reason that, after being repaired, the property may not be of as great a value as before the injury, or, possibly it may be of greater value; in either event, in order to do justice, a sum must be ascertained and added to or taken from the value of the repairs in order to offset the increased or decreased value of the property after being repaired. This, in our opinion, is not only a useless procedure, but is involved, and will be productive of error.

The correct rule, one easily understood and generally approved, is the difference in the market, or actual, value of the property, as the case may be, immediately before and immediately after the injury. But, whether one or the other of these rules is applied to a particular case, proof of the reasonable

value of necessary repairs is admissible as bearing on the question of depreciation caused by the injuries. Wells Fargo Express Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; Pecos, etc., R. Co. v. McMeans (Tex. Civ. App.) 188 S. W. 692; Galveston, etc., R. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Galveston, etc., R. Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195; Houston v. Reichardt (Tex. Civ. App.) 86 S. W. 74; Chicago, R. I. & G. R. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Huddy on Automobiles (6th Ed.) §§ 717–720, pp. 940–946; Berry on Automobiles (3d Ed.) § 968, p. 901.

[7] 5. Appellant also urges as error apparent of record that the verdict of the jury was, in legal effect, a general verdict in favor of appellee for $600, and that judgment in no event should have been rendered in his favor for a greater amount.

The jury, in answer to special issues, found the differences in the cash market value of the automobile immediately before and immediately after the collision to be $1,873.05, and, in response to a separate issue, the jury found that the reasonable cash value of the repairs necessary to replace the damaged parts was $1,873. After making these findings, the jury, not in response to any issue submitted, but of its own motion, appended to the special findings the following: "We the jury, do find a verdict for the plaintiff in the sum of $600 damages." The court ignored this volunteered finding, and rendered judgment on the special verdict for appellee in the sum of $1,873.05. We find no error in this action of the court.

The statute, article 2202 (1977, 1982–1988) Rev. St. 1925, requires the verdict of the jury to be either general or special, as the court may direct. In view of this provision, it would be improper for the court to direct the finding of a verdict both general and special, but where the jury, having been directed, as in this case, to make special findings, voluntarily brings in a general verdict, the court should ignore it and render judgment on the special findings, although these verdicts are inharmonious and lead to different results. Dunlap v. Raywood, etc., Co., 43 Tex. Civ. App. 269, 95 S. W. 43.

[8] 6. Appellant, in assignments Nos. 13 to 18, inclusive, complains of the court's refusal to submit to the jury, at his request, certain special issues on contributory negligence. In special issues Nos. 1, 2, and 3, refused by the court, the jury was requested to find whether or not appellee, in approaching the place of collision, was guilty of negligence in the speed at which he operated

his car, and, if so, whether the same proximately contributed to the collision; and in issues 4, 5, and 6, refused by the court, the jury was requested to find whether or not appellee, on the occasion, negligently turned or swerved his car so as to collide with the car being driven by appellant's wife, and, if so, whether such negligence contributed to the collision. Appellant's plea, and the evidence adduced on the issue of contributory negligence, were sufficient, in our opinion, to require the giving of these charges, unless the submission of same was rendered unnecessary in view of the main charge of the court.

The court defined contributory negligence as follows:

"You are instructed that by the term 'contributory negligence,' as herein used, is meant that, while the plaintiff was operating the car in question he must exercise for his own safety that degree of care that would be used by a person of ordinary care and caution under the same or similar circumstances, and the failure, if any, to use such care would be contributory negligence."

The court also correctly defined "proximate cause," and submitted the following:

Special issue No. 3: "Was the plaintiff, J. J. Johnson, guilty of contributory negligence on the occasion in question as that term is defined in this charge?" To which the jury, answered: "Yes."

Special issue No. 4: "Was the contributory negligence of the plaintiff, if any, the proximate cause of the damage, if any, to plaintiff's automobile?" To which the jury answered: "No."

The jury, in answer to the issue submitted by the court, having found plaintiff guilty of contributory negligence on the occasion, appellant could not possibly have obtained a more favorable verdict if the requested charges had been given and answered in the affirmative. The further finding of the jury to the effect that the contributory negligence of appellee was not the proximate cause of the collision effectually determined that issue against the contention of appellant.

We find no error in the court's refusal to give the special charges, in view of the issues on contributory negligence submitted in the main charge and the answers of the jury thereto.

After a careful consideration of all assignments and propositions we fail to find reversible error, and the judgment below is affirmed.

Affirmed.