TEXAS & PACIFIC RAILWAY COMPANY V. ELLA GILL.

No. 1402.

1. **Justice Court—Power to Correct Record After Appeal.**—Where an appeal has been taken from the Justice Court to the County Court, the justice of the peace, or his successor, while having no power to then amend the judgment, may nevertheless correct an error in the date of the entry of the judgment; and upon proper proceedings in the County Court, an amended transcript showing such correction may be filed there.

2. **Same—Appeal Bond May be Filed, when.**—A motion for new trial may be filed in the Justice Court within five days from the date of the judgment, and if no action is taken on it by the court, the law overrules it on the fifth day after the judgment, and the appellant has ten days thereafter within which to file his appeal bond.

APPEAL from the County Court of Tarrant. Tried below before Hon. ROBERT G. JOHNSON.

*Stedman & Thompson,* for appellant.—The court erred in refusing to allow defendant to file the amended transcript of the judgment of the Justice Court, for the reason that same showed that there was an error in the court in sending up the first transcript giving the date of the judgment, and defendant was entitled to have a correct record of the case as rendered by the court below on file. Rev. Stats., art. 1354; McNairy v. Castleberry, 6 Texas, 286; Ramsey v. McConnoly, 9 Texas, 106; Crowin v. Ross, 28 Texas, 228; Ximenes v. Ximenes, 43 Texas, 464; Whittaker v. Gee, 63 Texas, 436; Grimes v. Grosjean, 40 N. W. Rep., 137; Black on Judg., sec. 156.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—The County Court sustained the motion of appellee Ella Gill to dismiss the appeal there pending from a judgment recovered by her against appellant in the Justice Court. The grounds of this motion were, (1) that the motion for a new trial in the Justice Court had not been filed within five days after the judgment was rendered; (2) that the appeal bond had not been filed within ten days after the rendition of judgment; and (3) that the bond misdescribed the judgment in respect to its date.

The original transcript of the entries on the justice's docket was filed in the County Court, August 24, 1891, and showed the judgment appealed from to have been rendered June 22, 1891, and that on July 8th following a motion for a new trial had been overruled, and on July 11th the appeal bond filed and approved.

The motion to dismiss the appeal was not filed until July 4, 1893. In response to this motion, appellant having by a proceeding before the Justice Court, upon notice to appellee, procured a correction of the judgment entry in the matter of its date, offered what purported to be a complete transcript, both of the original and amended entries

on said docket, duly certified by the justice of the peace, January 31, 1893. The court refused to allow this transcript to be filed, and sustained the motion to dismiss the appeal.

The first and third grounds of the motion were clearly untenable, and do not seem to be further insisted upon.

The County Court seems to have considered the original 'transcript filed by the justice of the peace conclusive upon the question of the date of the judgment, and therefore excluded the amended transcript. In this we think there was error.

In support of this action, however, appellee insists, that because the appeal from a Justice Court, unlike that from a District or County Court, entirely vacates instead of merely suspending the judgment, the justice of the peace had no power to make the correction in the date of the judgment, and therefore that the transcript which appellant offered was properly rejected as a nullity.

Conceding the full force of this position, so far as the power to amend the judgment itself is concerned, we can not assent to the further conclusion, that the power to correct a clerical error in the entry of its date on the docket was taken away. The justice of the peace is both judge and clerk, and is the legal custodian of his docket, and his power to correct this record, like that of any other court, does not exist by reason of continued jurisdiction over the subject matter, but by virtue of his continuing power over his records.

That every "court has authority upon proper proof to correct its minutes at any time, so as to make them present a faithful record of its action," seems to be well settled; and no reason is perceived why our Justice Courts should be an exception to this rule.  Chestnutt v. Pollard, 77 Texas, 86, and cases cited; Hickey v. Behrens, 75 Texas, 495; Rev. Stats., arts. 1550, 1612, 1613, 1620.

The fact that this correction was made by the successor in office to the magistrate who rendered the judgment could not, we think, change the rule.

Whether it was made in a proper manner we do not feel called upon to determine, as appellee ignored entirely this subsequent proceeding, and we are not informed as to the evidence upon which the correction was made.  A greater latitude of proof seems to be allowable in proceedings before a justice of the peace than in a court where the proceedings are not, as there, conducted orally.  Wilkerson v. Schoonmaker, 77 Texas, 615.

In holding that the original transcript was not conclusive of the question of jurisdiction raised by the motion to dismiss, and that the court erred in rejecting the evidence of error in that transcript offered by appellant, we do not wish to be understood as announcing that, as thus corrected, the amended entry was conclusive, and deprived the County Court of other proper sources of inquiry.

But if it be conceded that the issue of jurisdiction should have been determined alone by the original transcript, it does not follow, we

think, that the appeal should have been dismissed. It appears therefrom that a motion for a new trial was made in the Justice Court and overruled. We are not informed by the record when this motion was filed. If filed within five days from the date of the judgment, June 22nd, though no action was taken on it by the court until July 8th, it has been held that the law overruled it on the tenth day after the judgment, to wit, July 2nd, and that appellant had ten days thereafter within which to file its appeal bond, which it did on July 11th. Jones v. Collins, 70 Texas, 752; Grant & Kenner v. Fowzes Bros., 3 Will., sec. 105; Railway v. Houston Flour Mills Co., 2 Will., sec. 571.

It is true, the statute (article 1624) directs or requires that this motion shall be made within five days after the rendition of the judgment; but as the justice of the peace has power at any time within ten days after the rendition of judgment to grant a new trial, we see no reason why the motion might not be considered within that period, though filed on the tenth day. The statute (article 1371) which requires such motion in the District or County Court to be made within two days, containing language equally emphatic, has received such a construction.

Appellee having allowed several terms to elapse before making this motion, was not in a position to insist upon anything short of a want of jurisdiction in the County Court; and as we are unable to say from this record that that want of jurisdiction was made to appear by the original transcript from the Justice Court, upon which the issue was tried, the cases cited would seem to require that, for this reason also, the judgment be reversed and the cause remanded for further proceedings; and it is accordingly done.

*Reversed and remanded.*

Delivered December 12, 1894.