FT. WORTH & R. G. RY. CO. v. COKER.

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1911. Rehearing Denied Jan. 10, 1912.)

DAMAGES (§ 139*)—INJURIES TO PERSONAL PROPERTY.

While, in many instances of damage to personal property, it is proper for the jury to estimate and determine the amount necessary to compensate the owner for the injury after witnesses have described the nature and extent of the injury, yet when the amount awarded is large, it must at least be made to appear that it is less than the value of the property before it was injured; it not being claimed that the property was rendered worthless.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 139.*]

Appeal from Comanche County Court; J. M. Reiger, Judge.

Action by A. C. Coker against the Ft. Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman and Kearby & Kearby, for appellant. Callaway & Callaway, for appellee.

KEY, C. J. In the county court appellee recovered judgment against appellant for $138 damages and for $15 attorney's fee, and appellant prosecutes this appeal.

The first three assignments contest appellee's right to recover attorney's fee, and assert that the act of the Thirty-First Legislature, under which the fee was recovered, is unconstitutional and void, and that contention has been sustained by the Court of Civil Appeals for the Second District, and that decision approved by the Supreme Court. Ft. Worth & D. C. Ry. Co. v. Loyd, 132 S.

W. 899. Hence we hold that error was committed in allowing appellee to recover anything as attorney's fee.

The property alleged to have been damaged consisted of a piano, a bed, a table, some quilts, and pictures. Appellee alleged in his petition that the piano was damaged $160, the bed $7, the quilts $8, the table $3, and the pictures $6. We sustain appellant's contention that the verdict for $138 damages is not sustained by the testimony. It may be conceded that the evidence will support a finding that the pictures, table, quilts, and bed were injured to the extent alleged in appellee's petition, which amounted in the aggregate to $24, but the testimony embodied in the statement of facts does not support a finding that the piano was injured to the extent of $114, which the jury must have found, in order to fix the total damage at $138. The plaintiff submitted testimony tending to show material and serious injury to the piano, but he failed to prove, and the evidence fails to show, what was its value either before or after its injury. As a matter of fact it may not have been worth $114 before it was injured; and if such was the case, and it had been entirely destroyed, appellee would not have been entitled to recover $114. While we do not controvert the proposition that in many instances it is proper for the jury to estimate and determine the amount necessary to compensate the owner for injury to his property after witnesses have described the nature and extent of such injuries, yet we hold that, when the amount awarded appears to be large, it should at least be made to appear that it is less than the value of the property before it was injured. when it is not claimed that it was rendered worthless.

Our conclusion is that the judgment should be reversed and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.