## THOMPSON v. FIELD.

(Court of Civil Appeals of Texas. Dallas. March 14, 1914.)

1. JUSTICES OF THE PEACE (§ 162*)—PROCEDURE IN CIVIL CASES—AMENDMENT OF JUDGMENT.

Under Rev. St. 1911, art. 2373, making the rules governing the county and district courts respecting judgments applicable to justices' courts, article 2015, authorizing the judge of a district or county court to amend the record of a judgment to correct any mistake therein, and article 2016, authorizing the correction of misrecitals in term time or vacation, a justice of the peace could amend the entry of a judgment so as to show the disposition that was made of the cause as to two parties not mentioned therein, though an appeal was pending in the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 600, 603, 605; Dec. Dig. § 162.*]

2. JUSTICES OF THE PEACE (§ 164*)—APPEAL —AMENDMENT·OF TRANSCRIPT.

A justice of the peace, in amending the entry of a judgment pending an appeal to show the way the cause was actually disposed of, had the right to certify an amended transcript to the county court, which properly refused to strike it out, or dismiss the appeal, because no final judgment was shown.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

3. INDEMNITY (§ 13*)—LIABILITY FOR NEGLIGENCE.

In an action for negligently running over a surveyor's transit, defendant could not recover over against plaintiff's servant in charge of the instrument, on the ground of his negligence, since, if the servant's negligence contributed to the injury, plaintiff could not recover, and a judgment for plaintiff would negative negligence on the part of his servant.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.*]

4. DAMAGES (§ 113*)—MEASURE OF DAMAGES— INJURIES TO PROPERTY—PERSONAL PROPERTY.

The measure of damages for injuring a surveyor's transit was the difference in its fair cash market value at the place of injury immediately before the injury and after it was repaired, together with the reasonable cost of repairing the same, since compensation should be allowed for expenses incurred in good faith to preserve the property, and thereby reduce the liability.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

5. DAMAGES· (§ ·40*)—MEASURE OF DAMAGES— INJURIES TO PROPERTY — LOSS OF USE OF PROPERTY.

In an action for injuring a surveyor's transit, damages resulting from the loss of its use while being repaired were not too remote, and,

having alleged and proved the same, plaintiff was entitled to recover therefor.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by J. C. Field against D. K. Thompson. From a judgment for plaintiff, defendant appeals. Affirmed.

J. H. Randell, of Denison, for appellant. R. W. Stoddard, of Denison, and Jones & Hassell, of Sherman, for appellee.

RASBURY, J. Appellee sued appellant in the justice court of Grayson county for $122.-65, for damages for injury to a transit caused by the alleged negligence of appellant's servant, Fred Montgomery, in driving a wagon against the instrument, where it stood in the center of one of the streets of Denison, placed there by an assistant of appellee, Fred Bennett, in the performance of his duty of establishing the grade of the street for the city of Denison. Upon the initiative of appellant, Montgomery, his servant, and Bennett, appellee's assistant, were made parties to the suit on the ground that they were jointly and severally liable for any damages resulting as alleged by appellee. October 23, 1912, all issues were submitted to the justice of the peace, who entered upon his docket a judgment against appellant for $122.65. The following day appellee remitted $47.65 of the judgment, whereupon final judgment against appellant was entered for $75. No disposition of the case against either Montgomery or Bennett was made by the justice of the peace in the entry of his judgment. Appeal to the county court was taken by appellant in the time and manner provided by law; the transcript from the justice court being filed with the county clerk November 30, 1912. Pending trial in the county court it was discovered that the judgment entry as stated made no disposition of Montgomery and Bennett. Thereupon motion was filed in the justice court seeking a correction of the judgment, and, after notice to all parties, was heard on December 27, 1912, and a nunc pro tunc entry made reciting, in addition to the first judgment, the fact that by consent the case was dismissed as to Montgomery, who was beyond jurisdiction of the court, and a judgment in favor of Bennett, with his costs. The amended judgment was the one actually rendered upon trial of the case; but, in entering same, the justice of the peace neglected to incorporate therein the disposition made of Montgomery and Bennett. After the correction, and on January 7, 1913, and after appeal, amended transcript was filed in county court showing the correction and amendment of the judgment as detailed. Upon trial in county court appellant moved to strike out the amended transcript; also to dismiss the appeal be-

cause the record disclosed there was no final judgment in the case. Both motions were overruled. Upon trial on the merits before jury there was verdict for appellee for $82.-05, followed by appropriate judgment, from which this appeal is taken.

The facts briefly stated are that appellee, a civil engineer, was engaged in establishing the grade of a public street in Denison; the work being actually done by his employé, Bennett, who had placed a tripod and transit in the center of the street, while he repaired to the curb a distance of 75 feet in the prosecution of his work. Appellant's servant, Montgomery, while driving a wagon loaded with furniture for his master over the street, drove it against the instrument. No witness testified who saw the accident. There was nothing in the street to obscure Montgomery's vision. The driveway of the street was 60 feet wide. Bennett testified that Montgomery, while picking up the instrument, made the statement to him that he saw the instrument as he approached it, and reined his horse away from it, turning immediately thereafter to look at his load of furniture, when his horse changed his course and ran against the instrument. The instrument was materially damaged, and is not as good as before the injury. The cost of repairing same was $29.50, and was a reasonable charge. Express charges to and from St. Louis, the nearest place where it could be repaired, was $3.15. The value of the instrument before the injury was $195, and afterwards $75. Appellee was out the use of the instrument 10 or 12 days, and the reasonable value of the use of same for said period is $40.

[1, 2] The first assignment of error complains of the refusal of the trial court to dismiss the appeal, and of his refusal to strike out the amended transcript. There was no error in the court's action in that respect, since it is well settled that a justice of the peace, upon motion and notice thereof, may at any time, either before or after adjournment of the term, amend or correct his record in order to make the written entry of what was actually done at trial speak the truth, and that, too, even though the case be on appeal to the county court; and included in the right to so amend and correct the evidence of his judgment is the further authority to certify to the county court an amended transcript showing such amendment and correction, as well as the right of the county judge to consider same on trial of such appeal. Articles 2373, 2015, 2016, R. S. 1911; Tex. & Pac. Ry. Co. v. Gill, 9 Tex. Civ. App. 139, 28 S. W. 911; Young v. Pfeiffer, 30 S. W. 94; Gray v. Chapman, 74 S. W. 564; Doty v. Caldwell, 38 S. W. 1025; Cowan v. Ross, 28 Tex. 227; Russell v. Miller, 40 Tex. 495; Chestnutt v. Pollard, 77 Tex. 87, 13 S. W. 852; Hurlbut v. Lang, 10 Tex. Civ. App. 168, 29 S. W. 1109; Johnston

et ux. v. Arrendale, 71 S. W. 44. It is not disputed that the corrections or amendments made in judgment entry were not in compliance with what actually transpired, or did not speak the truth, or that any fact was found or issue determined not litigated at the original trial.

[3] The second and third assignments of error complain of that portion of the court's charge wherein the jury was directed to return a verdict in favor of Bennett, appellee's assistant, or employé, in any event. The point is that the accident primarily was the result of Bennett's negligence, and appellant was entitled to recover against Bennett any judgment rendered against him. We think there was no error in this respect, since under the undisputed evidence Bennett was an employé of appellee, doing appellee's work for him, and, if the accident was due to Bennett's negligence, appellee would, of course, be precluded from recovering, since Bennett's negligence would be his. Nor could appellant in any event recover over against Bennett for any judgment appellee might recover against him, since a judgment against appellant establishes negligence on his part, and precludes any on the part of Bennett. Besides, the court further directed the jury that, if they believed from the evidence that Bennett was negligent in leaving the instrument in the street at the time and in the manner he did, and that his conduct in that respect contributed to the injury of the same, to find for appellant. The foregoing instruction correctly applied the law under the undisputed facts, and left it for the jury to determine whether the injury was due to the negligence of Montgomery, appellant's servant, or that of Bennett, appellee's assistant, by which appellant was afforded as much relief against the negligence of Bennett as he could have otherwise secured.

[4] The fourth assignment of error complains of that portion of the charge that instructed the jury that appellee's measure of damages was, in effect, the difference, if any, between the fair cash market value of the instrument at the place of injury immediately before it was injured and immediately after it was repaired, to which should be added the reasonable cost of repairing same. The rule stated by the court is the correct one in cases where the owner of the injured property has in good faith incurred expenses in order to protect and preserve the property, and thereby reduce the liability of the negligent one, since by such rule only in the class of cases under discussion could compensation be fairly allowed for the actual loss. Railway Co. v. Levi Bros., 59 Tex. 679; Hughes v. City of Austin, 12 Tex. Civ. App. 178, 33 S. W. 607; Star Mill & Elevator Co. v. Sale, 145 S. W. 1037; Cooper v. Knight, 147 S. W. 349; Arbuckle Bros. v. Everybody's Gin & Mill Co., 148 S. W. 1136.

[5] The fifth assignment of error complains of the refusal of the court to withdraw from the consideration of the jury appellee's right to recover for loss of the use of the instrument. The point is that such damages are not recoverable because too remote. This item of damage was alleged and proven, and may be recovered. Powell v. Hill, 152 S. W. 1125. Further, the court did not submit to the jury said item of damage, but only the difference in value of the instrument immediately before the injury and immediately after it was repaired, plus the cost of any repairs thereon, which was, in effect, a withdrawal of the item. Further, the amount of the recovery was for exactly the alleged injury and the cost of repairs, indicating clearly that nothing was allowed for loss of use of the instrument.

The remaining two assignments of error relate to matters of practice, and, because we are of opinion that the issues thereby raised are settled against appellant, and present no new or novel question, they are overruled, without discussion.

The judgment is affirmed.