### ALDERETE v. CABELLO.   (No. 1834.)

(Court of Civil Appeals of Texas.   El Paso. Dec. 24, 1925.)

**1. Appeal and error ⊂⇒500(2)—Exceptions to petition deemed waived, where record shows no action thereon.**

Exceptions to petition are deemed waived, where record shows no action thereon by court.

**2. Damages ⊂⇒20—Expenses incurred in bookings, canceled because of destruction of moving picture reels, held recoverable from lessee.**

Expenses incurred in bookings, canceled because of negligent destruction of moving picture reels by fire, *held* recoverable from lessee, who was experienced moving picture theater operator, though he had no actual knowledge of bookings.

**3. Appeal and error ⊂⇒215(1)—Objections to charge not presented below considered waived, though error is fundamental.**

Under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, objections to charge, not called to attention of court below, must be considered waived, though error is fundamental.

**4. Trial ⊂⇒352(4)—Issue not raised by pleadings or evidence properly refused.**

In action for value of moving picture reels destroyed by fire, issue not raised by pleadings or evidence was properly refused.

---

**5. Damages ⊕105, 113—Market value of personal property at time and place of injury or destruction, or, if none, actual or intrinsic value, measure of damages.**

Market value of personal property at time and place of its injury or destruction, or, if it had no such value, its actual or intrinsic value, is measure of damages.

**6. Damages ⊕174(1)—Wide latitude in evidence of actual or intrinsic value of personalty without market value permissible.**

Wide latitude in evidence is permissible to enable jury to determine actual or intrinsic value of personal property without market value injured or destroyed.

**7. Damages ⊕105, 113—Facts warranting allowance of damages on basis of actual or intrinsic value of personalty destroyed must be shown.**

Allowing damages on basis of actual or intrinsic value of personal property without market value at time and place of its injury or destruction is exception to general rule, and facts warranting its application must be shown.

**8. Evidence ⊕489—Qualified witness, testifying that secondhand moving picture films had market value, could state such value.**

Qualified witness, testifying that secondhand moving picture films had market value in certain city at time of destruction of several such reels by fire, could state such value in owner's action against exhibitor for their value and special damages.

**9. Damages ⊕12—Instruction to assess only nominal damages held erroneously refused, in absence of evidence of market value of property destroyed by fire.**

In absence of evidence of market value of moving picture films, shown to have had such value at time and place of destruction by fire, instruction to assess only nominal damages in lessor's action against lessee was erroneously refused.

**10. Damages ⊕105—Testimony as to cost of new moving picture reels inadmissible, in absence of showing that reels destroyed by fire had no market value.**

In absence of showing that moving picture reels destroyed by fire had no market value at time in city wherein destroyed, testimony as to cost of new reels to replace them was inadmissible in lessor's action against lessee.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Ferdinand L. Cabello against F. G. Alderete. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Harper & Howard, Chas. Owen, and John T. Hill, all of El Paso, for appellant.

A. W. Norcop and N. D. Meyer, both of El Paso, for appellee.

HIGGINS, J. Appellee, Cabello, sued the appellant, Alderete in substance alleging that he was the owner of two moving picture films of five reels each, and entered into a contract with the defendant, whereby he rented and leased the same to defendant for exhibition for the consideration of 60 per cent. of the ticket receipts, and delivered such films to defendant in accordance with said contract; that after the last exhibition on March 7, 1925, he demanded return of the films, and defendant refused so to do, informing the plaintiff that four of the reels of one of the films had been destroyed by fire; that said four reels were of the value of $750, for which amount he sued. He also sought to recover the further sum of $550 expenses incurred in connection with other bookings of the films which he was obliged to cancel by reason of the failure to return the four reels. It was further alleged that the only original of the films was in Mexico City, and it took ten days to procure copies of the film from Mexico City, and for loss of time and expenses during said time he sought to recover $250; also the sum of $50 transportation charges and custom duties on the new films from Mexico City to El Paso.

The defendant filed exceptions to the petition, a general denial, and special plea, to the effect that the plaintiff and defendant entered into an agreement, by which the plaintiff was to exhibit the films in defendant's theaters in El Paso, paying defendant 40 per cent. of the gross receipts; that the plaintiff exhibited the films, and not defendant, and same were destroyed through no fault of defendant.

By supplemental petition the plaintiff denied the allegations of the answer.

Succinctly stated, the jury found:

(1) The parties entered into a contract as by the plaintiff alleged. (2) The plaintiff delivered the films into the possession of defendant in accordance with such contract. (3) The defendant failed to return four reels of one of the pictures. (4) Said four reels were destroyed by fire while in custody of defendant. (5) Defendant did not use ordinary care to prevent such destruction. (6) The value to plaintiff at El Paso of the films destroyed at the time of their destruction was $750. (7) The expenses reasonably incurred in other bookings and cancellation thereof was $50.

Judgment was rendered in favor of the plaintiff for the damages found.

Our conclusions upon the various assignments and supporting propositions submitted by appellant are as follows:

[1] 1. The assignment complaining of the overruling of special exceptions to the petition is overruled for the reason that the record fails to disclose any action by the court upon the exceptions. In this condition of the record the exceptions are deemed to have been waived.

[2] 2. The court did not err in submitting

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the issue of expenses incurred in bookings, the cancellation of which was necessitated by the destruction of the four films. It is immaterial that the defendant had no actual knowledge of these bookings. Under the evidence the defendant should have known that other bookings would be made, and this item of damage was the natural and probable consequence of the negligent destruction of the films, and the defendant was charged with knowledge thereof; he being an experienced operator of.moving picture theaters and familiar with usage and customs of the business.

[3] 3. As to all objections to the court's charge raised for the first time in this court and submitted as fundamental error, it is sufficient to say that, under the present statute, all objections to a charge must be called to the attention of the court below. All objections not so made and presented must be considered as waived. Article 1971, Complete Texas Statutes 1920, or Vernon's Sayles' Ann. Civ. St. 1914. The fact that the error may be fundamental is immaterial. Gestean v. Bishop (Tex. Civ. App.) 180 S. W. 302.. Errors in court charges are usually of that nature, but the statute does not except from its operation errors in the charge which are fundamental. To so .hold would ingraft an exception which the Legislature did not see fit to make when the statute was enacted.

[4] 4. Issue No. 5, requested by the defendant, was properly refused, for the reason that it was upon an issue not raised by the pleading or evidence. It does not submit the special defensive matter pleaded by defendant.

[5, 6] 5. It is well settled that in actions for damages to personal property the market value thereof at the time and place of its injury or destruction is the criterion for estimating the actual damages, in the absence of evidence showing that the property had no market value. Where it is shown to have no market value, its actual or intrinsic value is the basis of recovery. In the latter case a wide latitude in the evidence is permissible for the purpose of enabling the jury to intelligently determine such value. In such a case the cost of replacing the article is probably admissible.

[7-10] Allowing damages upon the basis of the actual or intrinsic value of personal property is an exception to the general rule and to authorize such allowance it must be shown that the facts warrant its application. The reels destroyed had been used for some time. There is no evidence that they had no market value in El Paso at the time of their destruction. On the other hand, it was shown by a qualified witness for defendant, and his testimony was not disputed, that secondhand films had a market val-

ue in El Paso at the time these reels were burned, and he could state such value; but neither this nor any other witness testified to what that value was. Over the objection that it was not the proper measure of damage, the plaintiff was permitted, in substance, to testify that it cost him $750 to buy new reels to take the place of the ones destroyed. This is evidently the evidence upon which the jury based its sixth finding, because there is no other evidence in the record to support the same.

The defendant requested the court to instruct the jury to only assess nominal damages, because the plaintiff had failed to show by competent evidence the value of the property converted. The instruction was, in effect, a request for an explanation of the proper measure of damages in the state of the evidence. Appellant complains of the refusal of this charge and the admission of the evidence of the cost of the new reels. This is well taken. The charge should have been given, because there was no evidence of market value and no evidence to warrant the application of any other substantial measure of recovery. The evidence objected to was inadmisible in the absence of a showing that the reels had no market value in El Paso. Railway Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195; Yoakum v. Dunn, 1 Tex. Civ. App. 524, 21 S. W. 411.

For the errors indicated, the judgment is. reversed and the cause remanded.