## WEST TEXAS UTILITIES CO. v. PENNINGTON et ux. (No. 499.)

Court of Civil Appeals of Texas. Eastland. Nov. 9, 1928.

Rehearing Denied Dec. 7, 1928.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, and D. K. Scott, of Cisco, for appellant.

J. Frank Sparks and Grisham Bros., all of Eastland, for appellees.

FUNDERBURK, J. S. L. Pennington and wife sued West Texas Utilities Company to recover damages for the death of their minor son, C. E. Pennington, who was electrocuted while working on top of a house which at the time was being built by his uncle, B. Pennington, upon a lot in the town of Pioneer, belonging to the latter. The case was submitted to a jury upon special issues, and upon the jury's findings judgment was rendered for plaintiff in the sum of $12,500. The defendant has appealed, assigning 15 errors, and as germane to same urges 17 propositions.

Appellees have made certain criticisms of appellant's brief and, among other things, object to the consideration of the several assignments and propositions on the ground that there is no statement from the record bearing upon the several propositions, as required by Rule 31 governing the preparation of briefs in this court (230 S. W. vii).

One criticism not urged as an objection to our considering the brief is that the "statement of the nature and result of the suit" does not show the result of the suit. This appears to be a merited criticism. We would

not decline to consider the brief for this reason, even if appellees objected to our doing so, which they expressly do not. The criticism made, however, does afford us an opportunity to express our views as to the proper practice with reference to making a "statement of the nature and result of the suit," as required by Rule 29. The present Rule 29, adopted June 22, 1921, supersedes former Rule 30 (142 S. W. xii). The principal difference is that the former rule provided for both the "statement of the nature and result of the suit," and a "statement of the case," as something distinct from each other, since one was to follow the other, and the latter was permissive and not mandatory. In the present rule such distinction is abolished and it is expressly provided that the "statement of the nature and result of the suit" shall constitute "a concise statement of the case." "Concise" means stated in a few words. No useful purpose, we think, can be served by a detailed statement of pleadings, testimony, or instructions to the jury. Detailing such matters in the statement of the nature and result of the suit will in no manner obviate the necessity of making the "statement of the record" provided for in Rule 31, and in almost any conceivable case, if the provisions of Rule 31 be complied with, it would result in a duplication of the same matters contained in the statement of the nature and result of the suit, particularly if the latter be of any great length. It would be much the better practice to make this preliminary statement show what it purports to be, a concise statement of the nature and result of the suit, and it is not the proper place to detail the issues involved in the suit, or other concrete matters that are sought to be revised by the appeal. Provisions for such are made elsewhere.

The objection made to appellant's brief, on the ground that it violates Rule 31 in failing to set out a statement from the record in connection with the several propositions, challenges our serious attention. The several courts of appeals, in their desire to avoid working hardships, have been so liberal as to countenance a good many violations of the rule. The purpose of the rule is to conserve the time of the court in the interest of public service. Violations of the rule that seriously tend to defeat this purpose ought not to be permitted. Rule 31 is as follows:

"After the propositions upon which the appeal is rested the brief shall contain, addressed respectively to the several propositions or points presented, such argument or discussion as is desired, with a reference to the authorities relied on, and a clear and accurate statement of the record bearing upon the respective propositions, with a reference to the pages of the record.

"Where the error relates to the charge of the court or special charges given or refused, the part of the charge complained of, or the special charges under discussion, shall be set out in full. Where the error relates to the admission or rejection of evidence, there shall be quoted the full substance of the evidence admitted or rejected.

"To avoid unnecessary repetition, it shall be permissible for the brief of the argument to contain the necessary statement from the record, but such statement shall be correlated entire and distinct, and so presented as to enable the court to readily consult it.

"If the statement from the record thus made is not distinctly challenged by the opposing party, it may be accepted by the court as correct.

"If no argument is presented, the statement from the record shall nevertheless be given."

It will be noticed that the statement must be given, even if there is no argument. While it is permissible for the statement to be included in the "brief of the argument," it must nevertheless be "correlated entire and distinct." For such statement to be "correlated entire and distinct, and so presented as to enable the court to readily consult it," it almost of necessity must be set out under some title heading or subhead, in order to segregate and distinguish it from other features of the brief. That this is the correct construction of the provision is persuasively supported by provisions in Rule 35, providing for the index. This provides for "a subject index, with page references showing clearly where the different features of the brief, the different propositions, *the statements from the record in relation thereto* (italics ours) and the argument thereon, and the assignments of error may be found." It is manifest that the "statement from the record" is one of the features of the brief on a parity with the argument and is distinct from the latter. The rule provides that this statement from the record shall be made on the professional responsibility of counsel, and the court has the right to rely on same without looking at the record. The provision requiring references to pages of the record is for use of the court only when the correctness of the statement is challenged by the adverse party. To illustrate the nature of the complaint made against appellant's brief, let us notice for example the first, second, third, and fourth propositions. The "brief of argument" deals with these four propositions together under one subhead. There are many references to pages of the record, but nothing to distinguish same as a statement, and the different parts that undertake to state what the record shows are interspersed with arguments and statement of conclusions that certainly form no proper part of the required statement from the record. The first and second propositions refer to matters of pleading, exceptions, etc. The third and fourth propositions are predicated upon undisputed evidence. It

is apparent that no one statement would be properly applicable to all. It is contemplated that the court may have conveniently before it "correlated entire and distinct" all portions of the record, transcript and statement of facts, that have a bearing on each particular proposition unmixed as far as practicable, with matters irrelevant to that particular proposition. In a case properly briefed under the rules, it should rarely be necessary for the court to have occasion to consult the record. When the correctness of the statement is challenged, then the page references should make it an easy matter to compare the statement given with the record.

The fault complained of as to intermingling statement with argument, with nothing to distinguish one from the other, affects all of the several propositions urged by appellant to a greater or less extent. It affects all, except the ninth and twelfth, to such an extent that we feel it our duty, particularly upon the objection made, to decline to consider same.

■ In the arguments addressed to the ninth and twelfth propositions, respectively, there are statements from the record which, while not distinguished from the argument by any title or subhead, are nevertheless altogether. As said before, there is no purpose on the part of the court to be arbitrary or hypercritical, and we think we are fully justified in giving consideration to these propositions.

The twelfth proposition we overrule. Therein complaint is made of a charge of the court on the ground that it does not exclude from consideration of the jury the elements of grief and loss of society and does not confine the jury to pecuniary losses, and also that the charge was on the weight of the evidence and did not state the correct measure of damages. The objections to the charge were: (a) There was no support of same by pleading or evidence; (b) that it was on the weight of the evidence; and (c) that it is not the correct measure of damages. We do not think the charge subject to the objections raised, and the gist of the complaint against same was not embodied in any of the objections.

The ninth proposition we have decided, in view of the disposition we are making of the case, it will be unnecessary to determine. The question of the excessiveness of the verdict will probably not arise upon a retrial of the case, and if so it can then be determined when and if it becomes necessary for us to pass upon same.

■ It is the duty of the court, in the absence of any assignments, to inspect the record in order to determine if there be any such fundamental error as constitutes an obstacle to affirming the judgment of the court below. We have done this, and it is very apparent that the judgment cannot stand. The pleadings put in issue the existence of negligence on the part of the defendant and that such negligence was the proximate cause of the injury. It was necessary for the plaintiff to procure a verdict finding the existence of negligence and that such negligence proximately caused the injury. It was equally as necessary that the negligence so found be that alleged in the pleadings.

■■ The jury found: (a) That the defendant strung the wire in question over the property line of B. Pennington; (b) that in the exercise of ordinary care defendant should have discovered that the line was strung over private property at the time it was done; (c) that the defendant knew that B. Pennington (who was the uncle of the deceased) was constructing a building under the wire in question during the period of such construction; (d) that after defendant discovered that said B. Pennington was so constructing the building, and having notice of the character of the building, the defendant knew that there was danger that might result in the injury or death to the employés of said B. Pennington; (e) that the defendant did not give deceased any warning or notice that the wire was charged with an electric current; and (f) that the failure of defendant to give such warning or notice was negligence. But the effect of all these findings was completely nullified by one or both of the further findings: (a) That the said failure of the defendant to warn or give notice to the deceased that the wire was charged with an electric current was not the proximate cause of the death of plaintiff's son; and (b) that after defendant discovered that said B. Pennington was building a house the defendant did not fail to maintain the wire in question beyond the property line of B. Pennington toward the street in front of the building to a zone of safety beyond the property line of B. Pennington.

It is true that in answer to other issues the jury also found that the failure of defendant to raise the said wire above said building, or to remove it beyond the building was a proximate cause of the death of C. E. Pennington; but this finding is utterly inconsistent with the finding that the defendant, after discovering that B. Pennington was building a house, did not fail to maintain the wire beyond the property line. Besides, the only negligence found by the jury was in reference to a failure to give notice, which they also found was not the proximate cause of the injury. There was no finding of any negligence consisting of a failure to remove the wire beyond the property line. It is not sufficient to constitue a finding of negligence that the defendant knew of a particular danger which proximately caused an injury. Sullivan & Davis v. Y. Guana (Tex. Civ. App.) 5 S.W.(2d) 242. From this it is seen that the judgment is wholly unsupported by the verdict of the jury.

■■ In this connection it may also be remarked that there was no proper basis in the

pleading to authorize a verdict or judgment based upon any failure of defendant to warn or give notice to the deceased of the existence of danger. The pleading omitted the allegation of facts essential to show a duty on the part of defendant to warn or give notice, nor is such duty alleged in even general terms. It is alleged that the deceased was ignorant of the danger, but it is not alleged that the defendant knew that fact, or had notice of anything to charge it with such knowledge. It is manifest, therefore, that the judgment does not conform to the verdict, nor in the respect last mentioned does the verdict or judgment conform to the pleading. A judgment rendered on improper pleadings to support it is error in law apparent on the face of the record which the Court of Civil Appeals should consider without any assignment of error. Holloway Seed Co. v. City Nat. Bank, 92 Tex. 187, 47 S. W. 95, 516; Provident Life, etc., Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650. The last case 'very appropriately denominates such an error as "a prominent error, either fundamental in character, or one determining a question upon which the very right of the case depends."

In this case, negligence was a question upon which the very right of the case depends, and with no finding of negligence any sufficient support of the judgment is wanting. Ratcliffe v. Ormsby (Tex. Civ. App.) 298 S. W. 930.

Because of the error discussed, the cause is reversed and remanded for another trial.

HICKMAN, C. J. I concur in the disposition of this cause, but do not concur in the discussion with reference to the insufficiency of appellant's brief or in the interpretation of the briefing rules. I believe appellant's brief is subject to some criticism, but not to such criticism as calls for its disregard to the extent indicated in the opinion of the majority.