## THOMAS v. GOULETTE. (No. 523.)

Court of Civil Appeals of Texas. Eastland.
Jan. 4, 1929.

A. M. Howsley, of Albany, and Goggans & Allison, of Breckenridge, for appellant.

Grisham Bros., of Eastland, for appellee.

FUNDERBURK, J. J. D. Goulette recovered judgment in the trial court against D. B. Thomas for $787.50. Defendant has appealed. By the suit damages were claimed for injuries to an automobile and for personal injuries to the plaintiff, resulting from a collision of cars driven by the respective parties upon a public highway.

By his first proposition appellant insists that the trial court erred in failing to define the term, "new independent cause," used in the court's definition of "proximate cause," given in connection with special issues submitted to the jury. Appellee contends, among other things, that this proposition (and this applies to all of appellant's other propositions as well) is not entitled to be considered for the reason that same does not designate the assignment of error to which it is claimed to be germane. It is true that none of appellant's propositions is accompanied by reference to any assignment of error. The inconvenience to the court resulting from a failure to do this is greatly augmented in this case by the fact that a great number of abandoned assignments are included with the very few assignments that are briefed. Rule 32 (230 S. W. vii) contemplates that only the assignments "relied on in the appeal" shall be copied in the brief. We have here 46 assignments of error, covering 12 pages. Appellee's claim that some of appellant's propositions are not germane to any assignment makes it necessary for us to carefully read all of them. As a matter of practice it would greatly facilitate the work of the court in the interest of time-saving to designate what assignment each proposition relates to, and to omit from the list of assignments copied in the brief all that are not relied upon.

We are not at liberty, however, to refuse consideration of the propositions because no reference is made to the appropriate assignments. This is a question that must be regarded as already settled. Afflerbach v. Yorktown Independent School District (Tex. Com. App.) 289 S. W. 1003; Texas Employers' Insurance Association v. Fitzgerald (Tex. Civ. App.) 292 S. W. 925.

Another objection urged against our consideration of the proposition under discussion (which also applies to the second proposition) is that it is supported by no proper statement from the record as required by rule 31 (230 S. W. vii). Rule 31 requires that the "statement of the record," whether appearing by itself or as a part of the brief of the argument, shall be "correlated entire and distinct, and so presented as to enable the court to readily consult it." We have had occasion recently to remark that: "For such statement to be 'correlated entire and distinct, and so presented as to enable the court to readily consult it,' it almost of necessity must be set out under some title heading or subhead, in order to segregate and distinguish it from other features of the brief." West Texas Utilities Co. v. Pennington, 11 S.W.(2d) 583.

Following the proposition under consideration is a brief statement of the record, containing appropriate references. It is complete and sufficient to support the proposition. Its only fault is that it contains no title heading or subhead to show where the statement begins, nor is there any mark to show where statement ends and argument begins. Under the circumstances, we do not think we would be justified in refusing to consider the proposition. The purpose of the rule in this particular case is in no way defeated. It certainly is not our policy to be

overstrict, or to insist upon exact compliance with the rules, especially when there is no material interference with the purpose of the rule.

Passing now to the merits of the proposition: We are of opinion that the court erred in failing to define in his instructions to the jury the term, "new independent cause." The precise question was determined by the Supreme Court in its approval of the holding of the Commission of Appeals in Robertson & Mueller v. Holden, 1 S.W.(2d) 570. It will therefore serve no useful purpose for us to discuss the reasons supporting such holding.

Complaint is made that the trial court in his instructions to the jury authorizing their consideration of the difference in the value of the automobile just before and after the injury, in arriving at the amount of damages, did not confine such consideration of value to that existing, if any, at the time and place of the accident, or in the vicinity thereof. The rule of law governing in such case may be stated to be that, where the injury to an automobile does not amount to a practical destruction of the car, or, in other words, where, after the injury, the car still has some value as such, the measure of damage is the difference in such value before and after the injury and at that place or in the vicinity thereof. The rule is not affected by the existence or nonexistence of a market value at such time or place. If there is a market value, same shall be applied. If not, then the actual or intrinsic value shall govern. Chicago, R. I. & G. R. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; Thompson v. Field (Tex. Civ. App.) 164 S. W. 1115.

It is further contended by appellant that there was no evidence of the value of the automobile after the injury to same to enable the jury to apply the proper measure of damages. This contention, we think, is supported by the record. While plaintiff testified as to the value of the car before the injury to same, we fail to find any testimony as to the value of the car afterwards, nor was there evidence of any fact from which the jury could determine such value.

We deem it unnecessary to discuss appellant's other propositions.

Appellee urges a number of cross-assignments of error and propositions under same. We have examined them and are inclined to the view that they present no material error. The seventh proposition under the fifth cross-assignment presents the contention that the trial court erred in excluding from the consideration of the jury the question of defendant's being intoxicated at the time of the accident. The cross-assignment under which this proposition is urged is as follows: "The court erred as shown by plaintiff's objections to the general charge and as shown by his bill in connection therewith, here referred to and made a part hereof."

If this may properly be designated as an assignment of error at all, it certainly is too general and indefinite to require consideration. We are impressed with the view, however, that the proposition, if supported by proper assignment, would have some merit, and we suggest that upon another trial, if the testimony is not very substantially different, the court should submit an issue on the question of whether the defendant was driving his car while in a state of intoxication.

For the error discussed, the judgment of the trial court is reversed, and the cause remanded for a new trial.