### CLAUSSEN et al. v. HANSCHKE.
### No. 3318.

Court of Civil Appeals of Texas. El Paso.
March 19, 1936.

Rehearing Denied April 23, 1936.

**240**

Bliss & Daffan, of San Antonio (Don A. Bliss, of San Antonio, of counsel), for appellants.

Victor Keller and Arnold & Cozby, all of San Antonio, for appellee.

HIGGINS, Justice.

Robert Hanschke died March 1, 1922, and by his will left his estate, with the exception of certain legacies, to his daughters, Miss Marie Hanschke and Mrs. Clara H. Claussen, share and share alike. He appointed Miss Hanschke independent executrix without bond, who qualified as such. By deed dated October 14, 1922, Mrs. Claussen and husband conveyed Mrs. Claussen's interest in the estate to Miss Hanschke for $15,500. On October 12, 1932, Mrs. Claussen and her husband, residents of Mexico, brought this suit against Miss Hanschke. In the amended petition upon which the case was tried it was alleged the estate was worth $80,000, and Mrs. Claussen's interest therein was worth $37,500; that Miss Hanschke represented to Mrs. Claussen the residuary estate was of the value of $31,000, and Mrs. Claussen's share thereof was fairly worth only $15,500. Plaintiffs sought to recover damages arising out of the conveyance by Mrs. Claussen to Miss Hanschke, which conveyance it was alleged was induced by the false representations stated.

Issues 1 and 2 read:

"(1) What was the value of Robert Hanschke's estate on October 14, 1922, when the deed of that date was executed by the plaintiff, Mrs. Clara H. Claussen?" This was answered: "$58,000.00."

"(2) Did the defendant, Marie Hanschke, represent to the plaintiff, Mrs. Clara H. Claussen, that her (the said Clara H. Claussen's) share of the estate of their father amounted to the sum of $15,500.00, as of October 14, 1922?" This was answered: "No."

Other issues were submitted, but were not answered, as they were conditional upon an affirmative answer to the second issue.

Upon such findings judgment was rendered for the defendant.

### Opinion.

A number of propositions complain of alleged errors in the court's charge. No objections to the charge were presented to the court below. Under the statute the objections now made must be regarded as having been waived. Article 2185, R.S.; Alderete v. Cabello (Tex.Civ.App.) 278 S. W. 950; Indemnity Ins. Co. v. Sparra (Tex. Civ.App.) 57 S.W.(2d) 892; Luling O. & G. Co. v. Edwards (Tex.Civ.App.) 32 S.W. (2d) 921.

Those propositions are overruled which question the sufficiency of the evidence to support the second finding. Appellee testified she did not make the representations in question and it was the province of the jury to find in accordance with her testimony.

The rulings upon evidence of which complaint is made present no error. They call for no discussion.

In appellant's motion for new trial, misconduct on the part of the jury in various respects was alleged. Inter alia it was alleged the jury did not understand but misunderstood the court's charge and misapplied the evidence. To these allegations appellee excepted and the exception was sustained. The order sustaining such exception refers to same as "a general demurrer" to the motion. The exceptions were not leveled against the motion as a whole, and the order cannot properly be construed as sustaining a demurrer to the whole motion. Construing the order in connection with the exception, the proper construction of the order is that the exception was sustained only as to the allegations mentioned.

An assignment complains of the refusal of the court to hear and consider evidence of misconduct of the jury in respect to matters other than those above referred to. There is no bill of exception to show such refusal, nor is it otherwise so shown by the record.

The various assignments and propositions submitted by appellants have been fully considered. They show no reversible error.

Affirmed.