Gilbert GONZALES, Jr., Appellant,

v.

Daniel REYES, Appellee.

No. 15817.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 14, 1977.

Rehearing Denied Jan. 18, 1978.

Michael Rizik, Samuel C. Fried, San Antonio, for appellant.

Sol J. Casseb, III, Goodstein & Semaan, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a comparative negligence case. Plaintiff, Gilbert Gonzales, Jr., appeals from a judgment that both plaintiff and defendant, Daniel Reyes, take nothing in a suit filed in the County Court at Law in Bexar County, Texas by Gonzales against Reyes for damages to plaintiff's automobile arising out of an automobile collision between plaintiff and defendant. Reyes filed both an answer and a counter claim or cross action for damages to his automobile. Trial was to the court, without a jury, who found that both plaintiff and defendant were equally at fault (50% each); that the damage to plaintiff's automobile was $1,000.00; and that the damage to defendant's automobile was $1,500.00. Judgment was entered by the trial court that both plaintiff and defendant take nothing. Only plaintiff appealed and defendant does not herein seek any affirmative relief, but asks that the judgment of the trial court be affirmed.

The trial court filed findings of fact and conclusions of law which found in substance: that plaintiff was negligent in failing to move his vehicle from the roadway; that defendant was guilty of driving at an excessive speed, failing to keep a proper lookout, and failing to make a proper application of brakes; that the amount of damages suffered by plaintiff was $1,000.00; that the amount of damages suffered by defendant was $1,500.00; and that the negligence attributable to plaintiff and defendant was each 50%.

Plaintiff, by nine points of error, asserts that the judge erred in: (1) refusing

to disqualify himself; (2) commenting on the weight of the evidence, and intimidating a witness by improperly interrogating the witness; (3) finding that plaintiff was 50% at fault because there is: (a) no evidence to support such finding; (b) insufficient evidence to support such finding; and (c) such finding is against the great weight and preponderance of the evidence; and (4) in entering a take nothing judgment when the court's finding of equal negligence and proximate cause would only support a judgment for plaintiff, since defendant at no time properly proved his measure of damages.

This Court has recently handed down a comparative negligence case where the sole issue before us was whether the Texas Comparative Negligence Statute allows recovery where the plaintiff's negligence is equal to but no greater than the defendant's negligence. See *Leyva v. Smith* (Tex. Civ.App.—San Antonio, October 19, 1977, not yet reported). In *Leyva* the trial court found that plaintiff and defendant were equally at fault (50% each); that the damage sustained by plaintiff was $300.00; and that plaintiff was entitled to judgment in the amount of $150.00. We affirmed such judgment, holding that a plaintiff who is found 50% negligent can recover 50% of his damages from a defendant who is found to be equally at fault.

Numerous authorities in support of such holding are cited in the *Leyva* opinion, but in this connection, see *Willingham v. Hagerty*, 553 S.W.2d 137 (Tex.Civ.App.—Amarillo, no writ); *McGowan v. Story*, 70 Wis.2d 189, 234 N.W.2d 325, 330 (1975); C. Heft & C. Heft, Comparative Negligence Manual § 3.510 (Supp.1977); Cadena, *Comparative Negligence and the Special Verdict*, 5 St.

Mary's L.J. 688 (1974); Fisher, Nugent & Lewis, *Comparative Negligence: An Exercise In Applied Justice*, 5 St. Mary's L.J. 1 (1974); Comment, Comparative Negligence In Texas, 11 Hous.L.Rev. 101 (1973); Abraham & Riddle, Comparative Negligence—A New Horizon, 25 Baylor L.Rev. 411, 414 (1973).

The case before us differs from *Leyva* in that in *Leyva* the only damages involved were those of plaintiff, while in the case before us we have both damages to plaintiff and defendant, one being in a larger amount than the other.

Assuming that all of the court's findings of fact are correct, this case must still be reversed. The trial court found both parties equally at fault and found plaintiff's damages to be $1,000.00 and defendant's damages to be $1,500.00. Under such circumstances, the entry of a take nothing judgment as to both parties was erroneous and improper.[1]

▮ From an examination of the entire record we have concluded that the interests of justice will best be served by a general remand. Without discussing plaintiff's numerous points of error, we agree with his contention that defendant did not properly prove the damages to his car. The general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property at the place where the damage was occasioned. *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127, 128 (1950); *Wilson v. Metcalf*, 257 S.W.2d 855 (Tex.Civ.App.—Amarillo 1953, writ ref'd n.r.e.); 17 Tex.Jur.2d *Damages* § 92 (1960). There is no such proof in the case before us.

1. In dealing with cross actions in a comparative negligence situation, the set-off provisions of § 2(f) of the statute come into play. Under this provision, if a verdict results in two claimants being liable to each other, the claimant who is liable for the greater amount is entitled to a credit towards his liability in the amount of damages owed him by the other claimant. For example, if the jury found that plaintiff suffered losses in the amount of $10,000.00; the defendant's losses amounted to $5,000.00; and that each party was 50% at fault, plaintiff would be entitled to recover $5,000.00 from defendant, while defendant would be entitled to recover $2,500.00 from plaintiff. The net result would be that plaintiff would recover $2,500.00. Cadena, *Comparative Negligence and the Special Verdict*, 5 St. Mary's L.J. 688, 699 (1974); Fisher, Nugent & Lewis, *Comparative Negligence: An Exercise in Applied Justice*, 5 St. Mary's L.J. 655 (1974).

In view of our general remand, we do not deem it necessary to discuss appellant's other points of error.

The judgment of the trial court is reversed and remanded for a new trial.